Frantz Tractor Company, Inc., Appellant, *v.* Wyoming Valley Nursery.

Argued November 25, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Harry Norman Ball,* with him *Morris L. Weisberg* and *Joseph G. Feldman,* for appellant.

*Richard D. Solo,* with him *Ivo V. Giannini* and *Lipschutz, Solo & Bergman,* for appellee.

OPINION BY MR. JUSTICE JONES, February 6, 1956:

These appeals are from the several orders of the court below striking off judgments which were confessed in favor of the plaintiff and against the defendant in asserted reliance on putative warrants of attorney contained on the reverse side of equipment rental agreements which the parties had executed on stereotyped forms furnished by the plaintiff. The blank spaces in the forms which had to be filled in in order to give the agreements any semblance of current undertaking by the respective parties were *all* on the obverse side of the forms and that is the only place where the parties signed.

In the body of the signed portion of the agreement, there appears the following: " 'This Contract and all TERMS AND CONDITIONS, rights and remedies herein con-

tained and set forth on the reverse side hereof shall bind the parties hereto, their and each of their heirs, executors, administrators, successors and assigns . . .' " On the unsigned reverse side of the agreements, there are twenty-one separate paragraphs so finely printed as not to be readily legible and so close in type as to be blurred in places. In the last half of the eighteenth paragraph, which, incidentally, begins innocently enough, there is a warrant of attorney authorizing a confession of judgment against the lessee for most any type of alleged breach of the lease and for the lessor's final and conclusive determination of the amount allegedly due him for damages to the demised equipment.

It so happens that the judgments were entered against Wyoming Valley Nursery which is not a corporate entity but the registered fictitious name and style under which one Edith M. Wheeler was doing business. Her name nowhere appears in the leases which were signed for Wyoming Valley Nurseries by one Karl Dickson Dsiedzie whose identity is not disclosed by the rental agreements. However, we predicate nothing of those circumstances but merely cite them as possibly imputing additional frailties to the confessed judgments.

The learned court below struck off the judgments in reliance on our recent decision in *Cutler Corporation v. Latshaw*, 374 Pa. 1, 97 A. 2d 234, the particular similarity noted between that case and the present being that "there is no warrant of attorney to confess judgment on the face of the instrument." That is true. However, in the *Latshaw* case, the contract there involved contained only a parenthetical provision that the furnishing and installation of household equipment shall be "subject to conditions on reverse side." It did not include reference to "rights and remedies . . . set forth on the reverse side" as in the instant agreements.

The difference does not, however, connote a controlling distinction.

The underlying rationale common to both the *Latshaw* and the instant cases is that a warrant of attorney to confess judgment confers such plenary power on the donee in respect of the adjudication of his own claims that certain specific formalities are to be observed in order to effectuate the granting of such a power, viz., (a) the warrant must be in writing (Section 28 of the Act of February 24, 1806, P. L. 334, 12 PS §739, so provides) and (b) it should be signed by the party against whom it is asserted.

We recently had occasion to point out that, ordinarily, it is immaterial where the parties to a written agreement sign it so long as the meeting of the parties' minds, which their signing betokens, embraces all of the writings constituting the contract at the time of its execution: see *Petrie v. Haddock,* 384 Pa. 7, 119 A. 2d 45. But, that is not true of a provision for a warrant of attorney. Where a lease contains a warrant of attorney, the signature of the lessee must bear such direct relation to the provision authorizing the warrant as to leave no doubt that the lessee signed, conscious of the fact that he was thereby conferring upon the lessor a warrant to confess judgment against him for a breach of a covenant of the lease. A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.

A warrant of attorney to confess judgment has a very special and significant status. An assignment of

a lease binds the assignee with all the terms and conditions thereof *except* a provision for a warrant of attorney to confess judgment against the lessee; and, this is so even where the assignee formally agrees with the lessor to an assignment of a lease by endorsing thereon that he, the assignee, accepts it "according to its full tenor and effect." Such, indeed, was the ruling in *Ahern v. Standard Realty Co.*, 267 Pa. 404, 405, 110 A. 141, where a judgment confessed against the assignee after his express acceptance of the lease was stricken off.

In *Stewart v. Lawson*, 181 Pa. 549, 550, 37 A. 518, which the *Ahern* case cites, a lease of two hotel properties "contained a provision for entering an amicable action of ejectment with power of attorney to confess judgment in favor of the lessor and against the lessee or *any subtenant*, in the event of the nonpayment of the rent as it fell due" (Emphasis supplied). The lessee was one Jackson. Lawson went into possession of one of the hotels under Jackson, and one Mitchell likewise occupied the other. Because of Jackson's failure to pay the rent reserved, the lessor confessed judgment against Jackson, the lessee, and Lawson and Mitchell under the warrant of attorney contained in the lease which, however, was signed by Jackson alone; and a writ of possession was issued against all three defendants. On Lawson's petition, a rule was granted on the lessor to show cause why the judgment against the petitioner should not be stricken; and, after hearing, the rule was discharged. On appeal, this court reversed and made the rule to strike off absolute. In so doing, Mr. Justice Fell said,—"The only ground on which it is attempted to sustain the judgment against Lawson is that he was a subtenant and bound by the terms of the lease. It is true that if he was a subtenant he was subject to the terms of the lease between his lessor and the owner,

and he could have been ejected by proceedings on a judgment entered against Jackson. There was full authority for entering a judgment against Jackson, and its enforcement would have turned out of possession every one claiming under him, but we find no authority for entering a judgment against Lawson. He had not signed the warrant of attorney, and his coming in as a subtenant gave no one authority to confess judgment against him."

Again, in *Ansley et al. v. George Coal Mining Company,* 88 Pa. Superior Ct. 40, 41-42, the plaintiffs Ansley leased the right to mine certain coal on a royalty basis to the Clark Coal Company. The lease contained a warrant of attorney to confess judgment against the lessee for any royalties remaining due and unpaid for thirty days. The Clark Coal Company later assigned the lease to defendant, George Coal Mining Company, with the consent of the Ansleys, the lessors, and, on the same day, the George Coal Mining Company executed an agreement reciting that, in consideration of the lessors' written consent to the assignment of the lease, the George Coal Mining Company covenanted and agreed with the lessors "to perform in every respect all the obligations and covenants undertaken in the lease by the Clark Coal Company and in every particular to be and act in the stead of [the original lessee] under the said agreement, with all duties and obligations imposed thereby." The lessors later caused a judgment to be entered by confession against the George Coal Mining Company, as assignee of the lease, for royalties alleged to be due and unpaid. The defendant company moved to strike off the judgment on the ground that the warrant contained in the lease executed by the Clark Coal Company did not authorize judgment to be entered against the George Coal Mining Company. The court granted a rule to show cause

which it later discharged. On appeal, the Superior Court reversed, reinstated the rule to strike off and made it absolute.

In *Solazo v. Boyle,* 365 Pa. 586, 76 A. 2d 179, the parties had entered into a written agreement whereby the plaintiff was to mine coal for the defendants for which the latter were to pay the plaintiff seventy-five per cent of the net sale price of all coal so mined. The agreement conferred a power on the plaintiff to confess judgment against the defendants for the amount due for royalties if they were not paid as provided. Later, the parties orally agreed to mine another tract of coal upon the same terms and conditions as set forth in the original agreement. Upon the defendants' failure to pay the royalties due under the second contract, the plaintiff confessed judgment against them. On the defendants' application, the judgment was stricken. Two reasons were assigned for the decision—(1) the Act of February 24, 1806, P. L. 334, Section 28, requires that there be an instrument in writing, and (2) even if this were an oral modification of a written contract, it does not follow that the power to confess judgment applies to the oral modification. In disposing of the appellant's contention, Mr. Chief Justice Drew said for this court: "[S]ince an oral modification of a written contract is permitted, [plaintiff contends that] the power to confess judgment must necessarily apply to that modification. That conclusion cannot be supported in logic or in law. It is true that a written contract may be modified by parol but it does not follow that the warrant of attorney attaches to that modification."

The rule to be deduced from the decisions is that a warrant of attorney to confess judgment must be self-sustaining; to be self-sustaining, the warrant must be in writing and signed by the person to be bound by

it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant.

On the basis of these requirements, the action of the learned court below in striking off the confessed judgments in the instant cases was proper.

Orders affirmed in both appeals at appellant's costs.