# L. B. Foster Company, Appellant, *v.* Tri-W Construction Company, Inc.

Argued October 1, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, O'BRIEN and KEIM, JJ.

*Julian Ruslander*, with him *Marvin S. Lieber*, and *Ruslander, Ruslander & Lieber*, for appellant.

*Joseph S. Schuchert, Jr.*, for appellee.

OPINION BY MR. JUSTICE KEIM, November 28, 1962:

These are appeals from the orders of the Court of Common Pleas of Allegheny County wherein judgments filed at D.S.B. 3605, 3606 and 3607 were stricken from the record without prejudicing any right which the plaintiff may have by way of an action of assumpsit or similar proceeding. The total of the three judgments was $21,817.63 each entered by virtue of warrants of attorney to confess judgment contained in written equipment rental agreements and steel piling rental agreements dated in October, 1960 and the calendar year 1961.

The equipment and steel piling specified in the agreements were delivered to, accepted and used by the

appellee without incident until 1961 at which time appellee defaulted in the payment of rental under the agreements in controversy.

The petition to strike each judgment avers two reasons: (1) lack of authority by the parties executing the agreements to sign on behalf of the defendant; and (2) the warrants to confess judgment were contained on the reverse side of each of the agreements, and defendant did not realize it was authorizing a warrant to confess while the signatures were on the face of the agreements.

We will discuss the second above quoted reason, because it establishes sufficient cause for striking the judgments.

The judgments confessed at D.S.B. 3605 and D.S.B. 3607 are based on "Equipment Rental Agreements" and contain the following language on the face of the agreement: ". . . for and in consideration of the payments, covenants and agreements hereinafter set forth and subject to the TERMS AND CONDITIONS printed on the reverse side and made a part hereof, the Lessor hereby leases and rents to the Lessee for the Rental Period the following described Machinery . . ." This language is followed with a description of the equipment rented.

The face side of the agreement following the description of the equipment also provides: "This Contract constitutes the entire agreement between the parties, and the Lessee acknowledges that he has read this Contract before signing, understands the terms hereof and has received a copy of this Contract. This Contract and all TERMS AND CONDITIONS, rights and remedies herein contained and set forth on the REVERSE SIDE hereof shall bind the parties hereto, their heirs and each of their heirs, executors, administrators, successors and assigns. . . ." The signatures of the parties followed this language.

The face of the "Steel Piling Rental Agreement" is basically the same as quoted above for "Equipment Rental Agreement" and it is to be noted that neither agreement on its face included a warrant of attorney.

On the reverse side of the "Equipment Rental Agreement," in paragraph seven of eleven paragraphs, under the heading of "Repossession" there appears the following: ". . . and the Lessee upon every default in the payment of rental and upon any and every breach of covenants herein as well as by reason of any failure to make repairs when necessary, in addition to empowering Lessor to take said Equipment without legal process, hereby empowers any attorney of any court of record to appear for the Lessee and confess judgment against the Lessee for such amounts as may at any time be due as rental, . . ."

The "Steel Piling Agreement" contains substantially the same wording except the warrant of attorney is placed under the heading "Remedies" and is paragraph thirteen of seventeen paragraphs on the reverse side.

The face of the agreements does not indicate that a warrant of attorney is included and there is no space for a signature of lessee on the reverse side of the agreements. It is to be further noted that the print on the reverse side of each agreement is the same size as that on the face side, and that signatures of either or both parties appear only on the face of each instrument which does not include nor mention a warrant of attorney.

It is the contention of the appellant that it is immaterial where such an agreement is signed so long as the writing contains the intentions of the parties thereto. Although this conclusion is generally correct it is not true of a provision for a warrant of attorney to confess judgment.

*Frantz Tractor Company, Inc. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A. 2d 303 (1956) which affirmed and further explained the opinion in *Cutler Corporation v. Latshaw,* 374 Pa. 1, 97 A. 2d 234 (1953), involved an equipment rental agreement which contains the following on the face side: " ' "This Contract and all TERMS AND CONDITIONS, rights and remedies herein contained and set forth on the reverse side hereof shall bind the parties hereto, . . ." ' " The reverse side contained twenty-one paragraphs of fine print, one of which contained the warrant to confess judgment. Mr. Justice (later Chief Justice) JONES said (p. 216) : ". . . Where a lease contains a warrant of attorney, the signature of the lessee must bear such direct relation to the provision authorizing the warrant as to leave no doubt that the lessee signed, conscious of the fact that he was thereby conferring upon the lessor a warrant to confess judgment against him for a breach of a covenant of the lease. *A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.*" (Emphasis supplied).

A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied. On the basis of those requirements the action of the court below in striking off the confessed judgments in the cases before this court was proper.

The opinion of the lower court consolidated D.S.B. 3605, 3606 and 3607 and indicated that all be filed as one opinion at No. 3607 January Term, 1962.

Orders affirmed. Costs on appellants.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent. The agreement provides: "This Contract constitutes the entire agreement between the parties, and the Lessee acknowledges that *he has read this Contract before signing,* understands the terms hereof and has received a copy of this Contract. This Contract and all TERMS AND CONDITIONS, rights and remedies *herein contained and set forth on the* REVERSE SIDE *hereof* shall bind the parties hereto, their heirs and each of their heirs, executors, administrators, successors and assigns. . . ." The signatures of the parties followed this language.

The reverse side of the agreement contained a power of attorney to confess judgment. The contract provides *in capital letters* that the terms and conditions, rights and remedies are set forth on the *Reverse Side* and shall bind the parties. The language could not be clearer, nor could the intention of the parties be more clearly expressed.

I believe that *Frantz Tractor Company, Inc. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A. 2d 303, is distinguishable, because the warrant of attorney authorizing the confession of judgment was "so finely printed as not to be readily legible and so close in type as to be blurred in places." However, if not distinguishable, I would overrule *Frantz.* For these reasons, I dissent.