## Terkeltoub v. Caravan Motel, Inc.

*Solomon B. Terkeltoub*, plaintiff, p.p.
*Frank Moretti*, for defendants.

HENDERSON, P. J., May 27, 1966.—This matter is before the court on defendants' petition to strike off a judgment and stay execution. This judgment was en-

tered by confession on a judgment note in the standard form used in the Commonwealth of Pennsylvania. Defendants allege that the signatures on the note indicate the corporate defendant to be the maker and the individual defendants to be only endorsers. It is defendants' position that the warrant for confession on the face of the note would apply only to the corporation, and not to the other defendants.

The signatures on the note appear as follows: In the lower right-hand corner of the face of the instrument above the two signature lines, we find "Caravan Motel, Inc." Then, on the first line, "By Henry Pelloni, Pres. (Seal)", and on the line below that, "By Harry B. Magno, Sec. (Seal)". On the reverse side of the note, in the place normally reserved for endorsements, appears these signatures: "Anthony F. Cioffi (LS), Harry B. Magno (LS), Anthony R. Conn (LS), Henry Pelloni (LS)".

The individual defendants claim that since they signed on the reverse side of the note, they did not execute the warrant of attorney for confession, and no judgment can be confessed against them, citing that chain of cases represented by L. B. Foster Company v. Tri-W Construction Company, Inc., 409 Pa. 318, 186 A. 2d 18 (1962), and Frantz Tractor Company, Inc., v. Wyoming Valley Nursery, 384 Pa. 213, 120 A. 2d 303 (1956). These cases are equipment rental agreement cases, which are not controlling on the fact situation in the case at bar. In these cases, the face of the agreements included the statements concerning the obligation itself and further included a general statement incorporating the terms on the reverse side thereof into the agreement. The reverse side of the agreements included, among a great number of paragraphs printed in small print, one paragraph containing a warrant of attorney for the confession of judgment. Defendants' signatures appeared on the face

of the equipment rental agreements. The holding of these cases is that in such circumstances, the warrant of attorney does not apply unless defendants have also signed on the reverse side.

In the case at bar, the terms, which are in very simple form, and the warrant of attorney in standard language, appear on the face of the instrument, while the signatures of some of the defendants appear on the reverse side.

The section of the Uniform Commercial Code which applies to this situation reads as follows:

"Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement": Act of April 6, 1953, P. L. 3, sec. 3-402, as reenacted and amended October 2, 1959, P. L. 1023, sec. 3-402, 12A PS §3-402.

The code comment following that section states:

"The revised language is intended to say that any ambiguity as to the capacity in which a signature is made must be resolved by a rule of law that it is an indorsement . . . The question is to be determined from the face of the instrument alone, and unless the instrument itself makes it clear that he has signed in some other capacity the signer must be treated as an indorser".

We find this to be consistent with the language of the cases discussing the question of warrants of attorney to confess judgment, as it appears in the following quotations:

"Where a lease contains a warrant of attorney, the signature of the lessee must bear such direct relation to the provision authorizing the warrant as to leave no doubt that the lessee signed, conscious of the fact that he was thereby conferring upon the lessor a warrant to confess judgment against him for a breach of a covenant of the lease. A general reference in the body of an executed lease to terms and conditions to be found

outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and non-specific reference": Frantz Tractor Company, Inc. v. Wyoming Valley Nursery, supra.

And, from the same case, the following:

"The rule to be deduced from the decisions is that a warrant of attorney to confess judgment must be self-sustaining; to be self-sustaining, the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant".

The same type of statement is found in the L. B. Foster Company case, supra, in this language:

"A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied".

As has been noted in these cases, the court found that where the warrant appears in very small print buried among a number of other such paragraphs on the reverse side of an instrument where the signatures are on the face thereof, the test has not been met. Even though the fact situations in these cases are not consistent with that of the case at bar, these cases do set forth the controlling rule of law.

With regard to the case at bar, confining ourselves to the instrument itself and to no extrinsic evidence, we find that the warrant of attorney to confess judgment is self-sustaining; it is in writing and the signa-

tures of defendants do bear a direct relation to the provisions authorizing the warrant. There is no doubt in the mind of this court that defendants executed this writing as makers intending to be bound by the warrant, rather than as endorsers. There is more to be found here than just a general reference in the body of the writing to terms which must be found outside the agreement.

Reference to the note itself indicates that on the face thereof, ". . . Caravan Motel, Inc., Anthony F. Cioffi, Harry B. Magno, Anthony Conn and Henry Pelloni promise to pay to the order of . . . and further, *we* do hereby empower any attorney . . . to appear for *us* and . . . confess judgment against *us* . . . Witness *our* hand and seal". In the warrant of attorney paragraph itself, which is one of the printed sections of the form and which appears on the face of the instrument directly beneath the statement of the obligation, each of the *underlined* words in the above quotation was inserted in the blank space in the printing. It appears obvious that, on the face of the instrument itself, each of the defendants promised to pay; each of the obligations in the warrant of confession is in the plural and obviously includes someone other than the corporation itself; the face of the instrument reads "witness *our* hand and seal", which is in the plural; the signature space in the lower right hand side of the face of the instrument was filled by the signatures which appear thereon; and, since there was no further room for individual signatures at that spot, the balance of the makers' signatures were thereby entered on the reverse side, and beside each signature of the individual defendants on the reverse side of the obligation appears "(LS)". Since the makers' signatures traditionally carry a seal, since the makers' hand and seal is indicated on the face of the instrument to be in the plural, and since each of defendants' signatures on

the reverse side carries a seal, which is not traditional for signatures of endorsers, we find that by reference to the instrument itself, the signatures of defendants bear a direct relation to the warrant authorizing confession and that defendants signed, conscious of the fact that they were conferring a warrant to confess judgment against them in the event of a breach.

We shall, therefore, refuse defendants' petition.

ORDER OF COURT

Now, May 27, 1966, it is hereby ordered that defendants' petition to strike off the judgment herein is refused, and the sheriff is directed to proceed with the execution.