## Bankers Allied Mutual Insurance Company v. Lincoln Plan Corporation

*W. William Anderson*, for plaintiff.

*Ronald M. Katzman* and *Oscar F. Spicer*, for defendant.

MACPHAIL, P. J., December 23, 1966.—On August 14, 1966, Bankers Allied Mutual Insurance Company filed an amicable action and confession of judgment in

ejectment against Lincoln Plan Corporation. Both in the caption of the case and in the amicable agreement to confess judgment, plaintiff is identified as "Bankers Allied Mutual Insurance Company, Successor to Bankers Mutual Insurance Company of Adams County". Both in the caption of the case and in the amicable agreement to confess judgment, defendant is identified as "Lincoln Plan Corporation, Successor to Motorcycle Finance Company". No other identification of plaintiff or defendant appears in the record.

Attached to the agreement and confession of judgment as exhibit A is a copy of a lease agreement dated June 1, 1961, wherein lessor is identified as "Bankers Mutual Insurance Company of Adams County" and lessee is identified as "Motorcycle Finance Company". The lease is a one-page lease signed at the end by both parties. The lease, on its face, contains the usual warrant of attorney to confess judgment in an amicable action of ejectment.

In the preamble to the amicable agreement to confess judgment, plaintiff sets forth that legal notice was given to defendant to remove from the premises, but that defendant refused, and still refuses, to yield up possession of the premises to plaintiff.

Pursuant to the amicable agreement to confess judgment, the prothonotary did, on August 3, 1966, enter judgment against defendant, Lincoln Plan Corporation.

On August 12, 1966, Lincoln Plan Corporation filed a petition to strike the judgment, alleging that since the name of "Lincoln Plan Corporation" did not appear on the lease agreement containing the warrant to confess judgment, the judgment on its face was not sufficient in law.

The narrow issue presented to the court for determination is whether or not defendant, whose name does not appear on the lease, is nevertheless bound by the

warrant to confess judgment as "successor" to the original lessee. It must be noted at the outset that defendant has never averred or argued that it is *not* the "successor" to the original lessee, but instead predicates its position solely on the fact that, as the record now stands, it is not named in the lease and has been identified only as the "successor" to the original lessee.

The law is clear and well settled in Pennsylvania that a warrant of attorney to confess judgment confers such plenary powers that certain specific formalities must be observed in order to effectuate the granting of such a power. The warrant must be in writing, and it should be signed by the party against whom it is asserted: Frantz Tractor Company, Inc. v. Wyoming Valley Nursery, 384 Pa. 213 (1956). It was said in the Frantz case that a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and non-specific reference. Plaintiff here does not quarrel with this statement of the law, but it does urge that its designation of defendant in this case as "successor" is not a "general and non-specific reference" and urges that no implication is necessary in order to bind the present defendant to the warrant to confess judgment.

In support of its position, defendant cites several cases which are clearly distinguishable from the present case on their facts. In the Frantz case, supra, the warrant to confess judgment appeared on the reverse side of the signed portion of the agreement. This was also true in the case of L. B. Foster Company v. Tri-W Construction Company, Inc., 409 Pa. 318 (1962). In Stewart v. Jackson, Lawson and Mitchell, 181 Pa. 549 (1897), the party against whom the warrant to confess judgment was asserted had not signed the original lease, but was a subtenant. The case of Solazo v. Boyle, 365 Pa. 586 (1950), involves an attempted confession of judgment pursuant to oral instructions or by parol

modification of a written agreement. The cases of Ahern v. Standard Realty Co., 267 Pa. 404 (1920), and Ansley v. George Coal Mining Company, 88 Pa. Superior Ct. 40 (1926), involved situations where an attempt was made to confess judgment against parties clearly identified as assignees.

None of the above cases on its facts covers the precise situation raised in this case. Here, plaintiff has identified itself as "successor" to the original lessor and has also identified defendant as "successor" to the original lessee. Defendant urges that in order to say that Lincoln Plan Corporation is, in fact, the same as Motorcycle Finance Company, one must go outside the record. Defendant says, further, that since one must go outside the record, this judgment must be stricken, since a judgment by confession must be self-sustaining and cannot be considered where matters outside the record need be considered to support it: Solazo v. Boyle, supra, and Stewart v. Lawson, supra.

Counsel for defendant did admit at oral argument that if plaintiff had identified defendant as "successor *corporation*", the situation might be different.

If Lincoln Plan Corporation and Motorcycle Finance Company are one and the same entity by virtue of a charter amendment, merger or consolidation, and we are only talking about a change of corporate structure and name, then defendant here, we believe, would be bound by the warrant. The controlling factor appears to be the meaning of the term "successor". If "successor" is sufficient to identify defendant and Motorcycle Finance Company as one and the same entity, plaintiff will prevail. If we must go outside the record to determine what is meant by "successor", defendant will prevail.

Unfortunately, the cases are not helpful on this point. In the Ahern case, supra, where the situation involved an assignee of the original lessee, the court,

in a one paragraph per curiam opinion, did refer to the assignee as a "successor" to the original lessee and did hold that the assignee was not bound by the warrant to confess judgment. (Contra, see 20 P. L. Encyc. 120 §5.) However, it is obvious to us that the court was by no means attempting to define or give special meaning to the word "successor". Furthermore, and most important, the original lessee in the Ahern case was an individual who had assigned his rights under a lease to a corporation. In the case presently before us, the original lessee was a corporation, and the "successor" is also a corporation. We conclude that the terms "assignee" and "successor" are not synonymous, especially where two corporations are involved.

When we apply the term "successor" to the present situation, where both the original parties and the succeeding parties are corporations, we then feel that "successor" has a technical meaning, and that the second corporation by means of charter amendment, amalgamation, merger, consolidation, or duly authorized legal succession, has become invested with the rights and has assumed the burdens of the first corporation: Schmoele v. Atlantic City Railroad Company, 110 N. J. Eq. 597, 160 Atl. 524 (1932). To put it another way, as applied to corporations "successor" means the corporation that now is, in fact and in law, the same as and stands in the place of the former corporation.

While our research discloses no case specifically on this point, we do feel that the case of Pittsburgh Terminal Coal Corporation v. Robert Potts, 92 Pa. Superior Ct. 1 (1927), is helpful. In that case, the original lessor was Pittsburgh Terminal Railroad and Coal Company, a corporation, and lessee was an individual. There was a warrant to confess judgment incorporated in the lease signed by lessee. That part of the record reported in the court's opinion shows

that plaintiff, Pittsburgh Terminal Coal Corporation, filed an amicable action for ejectment under the caption "Pittsburgh Terminal Coal Corporation vs. Robert Potts". Included with the amicable agreement was a verified declaration setting forth lessee's act of default. No mention is made by the court in its discussion of the pleadings that the pleadings disclosed that Pittsburgh Terminal Coal Corporation was the successor corporation to Pittsburgh Terminal Railroad and Coal Company. However, the court's opinion (page 3) does state that this was the fact. In any event, defendant-lessee filed a motion to strike the judgment, alleging as one of the reasons therefor that: "The warrant of attorney does not authorize the entry of judgment in favor of the lessor's assigns", and that, therefore, the Pittsburgh Terminal Coal Corporation could not enforce the rights granted to the original lessor, Pittsburgh Terminal Railroad and Coal Company. In disposing of this objection, the court said (page 14): "Under the circumstances of this case we think the present appellee is to be regarded as the legal *successor* of the original lessor and is entitled to enforce against the appellant the provisions of the lease here involved". (Italics supplied.)

It does not escape our attention that defendant is enjoying all of the benefits of the lease. If defendant is not, in fact or in law, the successor corporation to Motorcycle Finance Corporation, it has other remedies available to it to protect its interest. If defendant is, in fact and in law, the successor corporation to Motorcycle Finance Corporation, standing in its place and stead, it is, and should be, bound by the warrant to confess judgment.

And now, December 23, 1966, defendant's petition to strike the judgment is refused and dismissed. Exception is granted to defendant.