**JBG/ROSENFELD RETAIL PROPER-TIES, Agent for Ira L. Mendell and Samuel J. Rosenfeld, T/A Lebanon Regional Shopping Center Associates, Appellee,**

v.

**Andrea P. ANSPACH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 3, 2002.

Filed July 15, 2002.

George E. Christianson, Lebanon, for appellant.

Harry W. Fenton, Lebanon, for appellees.

Before MUSMANNO, POPOVICH and CAVANAUGH, JJ.

POPOVICH, J.

¶ 1 This is an appeal from an order where judgment was confessed against Appellant Andrea P. Anspach under a warrant of attorney contained in a lease. Appellant filed a "Petition to Strike Off or Open Confessed Judgment," which the lower court denied. Upon review, we reverse.

¶ 2 Appellee JBG/Rosenfeld Retail Properties, Agent for Ira L. Mendell and Samuel J. Rosenfeld, t/a Lebanon Regional Shopping Center Associates was the owner of a shopping center located in Lebanon, Pennsylvania. Appellant was a tenant of commercial space in the shopping center.

¶ 3 The space was originally rented on November 10, 1986, pursuant to a lease executed between Appellee and June Z. Marciano. The November 10, 1986 lease contained a warrant of attorney to confess judgment. *See* Lease Agreement, 11/10/86, at 14 ¶ 3111. The lease also provided that assignment of the lease was permitted with the consent of the landlord. *See id.* at 10 ¶ 2101.

¶ 4 The lease was subsequently assigned on January 29, 1991, from Marciano to David A. Shaak; on October 12, 1993, from Shaak to Eleanor A. Quinn; and, on July 1, 1997, from Quinn to Appellant. Appellant's assignment was effectuated by the

signing of an "Assignment and Assumption of Lease." The July 1, 1997 assignment indicated that Appellant agreed to assume all of the responsibilities and duties of the lease, "as if the Assignee were the original tenant under the Lease." *See* Assignment and Assumption of Lease, 7/1/97, at 1 ¶ 2. Further, the assignment indicated that all representations of the parties were contained in the agreement. *See id.* at 2 ¶ 9b. On November 1, 1999, Appellant signed a "Lease Amendment and Extension of Lease."

¶ 5 Appellant failed to pay rent to Appellee beginning on August 1, 2000. Appellant's nonpayment resulted in default of the lease.

¶ 6 Appellee filed a Complaint for Confession of Judgment for Money, and judgment was entered on February 14, 2001, in the amount of $31,468.50, consisting of a principal amount of $29,970.00, and attorney's fees of $1,498.50. Appellant then filed a Petition to Strike Off or Open Confessed Judgment on March 12, 2001. The trial court denied the petition in an order dated October 9, 2001. Appellant then filed this timely appeal. Appellant was not ordered to file a Pa.R.A.P.1925(b) statement.

¶ 7 Appellant raised the following issue on appeal:

Did the Court of Common Pleas of Lebanon County err in dismissing the Appellant's Motion to Strike or Open Confessed Judgment[?]

Appellant's Brief, at 3.

¶ 8 Appellant asserts that the judgment should be stricken because she did not sign the original lease agreement containing the warrant of attorney to confess judgment. We agree with Appellant that a defect appears on the judgment on the face of the record for this reason, and,

therefore, the lower court erred in failing to strike the judgment.

¶ 9 Regarding a motion to strike, this Court has held:

A petition to strike a judgment by confession will be granted where there is an apparent defect on the face of the record on which the judgment was entered. *Franklin Interiors v. Wall of Fame Management Co.,* 510 Pa. 597, 511 A.2d 761 (1986). In reviewing an appeal from a denial of a petition to strike we are limited to determining whether the record as filed by the confessing party is adequate to sustain the judgment. *Parliament Ind. v. William H. Vaughan & Co.,* 501 Pa. 1, 6, 459 A.2d 720, 724 (1983).

*Germantown Sav. Bank v. Talacki,* 441 Pa.Super. 513, 657 A.2d 1285, 1288 (1995).

¶ 10 Regarding a warrant of attorney to confess judgment in the context of an assignment, our Supreme Court has held:

A warrant of attorney to confess judgment has a very special and significant status. An assignment of a lease binds the assignee with all the terms and conditions thereof *except* a provision for a warrant of attorney to confess judgment against a lessee; and, this is so even where the assignee formally agrees with the lessor to an assignment of a lease by endorsing thereon that he, the assignee, accepts it according to its full tenor and effect.

*Frantz Tractor Co., Inc. v. Wyoming Valley Nursery,* 384 Pa. 213, 216–17, 120 A.2d 303, 305 (1956).

¶ 11 In the *Frantz* case, our Supreme Court noted a number of cases involving confessions of judgment that were struck off due to the fact that the tenant or assignee did not sign the warrant of attorney. The Court held:

The rule to be deduced from the decisions is that a warrant of attorney to confess judgment must be self-sustaining; to be self-sustaining, the warrant must be in writing **and signed by the person to be bound by it;** and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant.

*Frantz,* 384 Pa. at 219–220, 120 A.2d at 306–307 (emphasis added).

¶ 12 Based upon the rule in *Frantz,* as Appellant did not sign the original lease containing the warrant of attorney, she was not bound by it. Therefore, the lower court erred in failing to strike off the judgment.

¶ 13 Order reversed.