**T.D. Bank, N.A. v. Kaya Investments.**

*Jon Taylor*, for plaintiff.
*Jeffrey Meyers*, for defendant.

TUCKER, *J.*, December 20, 2012—

## I. Procedural History

Kaya Investments, LLC; George C. Manosis; and El Medini (hereinafter referred to collectively as "appellants") appeal this court's order dated September 20, 2012, wherein appellants' motion to strike/open confession of judgment was denied. TD Bank, N.A., (hereinafter referred to as "appellee") was the mortgagee of a commercial loan extended to appellants.

On October 22, 2012, appellants timely filed this appeal. On October 23, 2012, this court ordered appellants to file a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b) ("1925(b) statement"). On November 20, 2012, appellants timely filed a response.

Appellants' 1925(b) statement states that this court erred in several regards. However, after careful review, this court finds these claims without merit. Although appellants argue that subsequent joinder and forbearance agreements between the parties did not contain a cognovit clause or warrant of attorney to confess judgment, the court finds that a confession of judgment provision in an existing agreement that is expressly incorporated into another agreement or amendment is valid. Furthermore, appellants have failed to allege a meritorious defense with sufficient evidence. Thus, this court did not err in denying

appellants' motion to strike/open confession of judgment. A discussion ensues:

## II. Facts

This matter arises after appellee extended a commercial mortgage to appellants. In a judgment note dated September 28, 2006, appellee extended a commercial loan to appellant Kaya Investments, LLC (hereinafter referred to singularly as "appellant Kaya") in the principal amount of $180,000.00, which was personally guaranteed by appellants Manosis and Medini (hereinafter referred to singularly as "appellant Manosis" and "appellant Medini"). Confession of J. filed (04/09/2012), at Ex. A-C. Both the signed guaranties and the original signed note contain language consenting to the entry of judgment by confession in the event of default under the note. *Id.* at Ex. A-C.

On June 24, 2010, appellants Kaya, Manosis, and Medini executed an omnibus amendment and forbearance agreement ("forbearance agreement"). praecipe to supplement/attach exhibits to motion to open/strike confessed J. (05/09/2012), at Ex. C - Part 1. The forbearance agreement sets forth the existence of the note and guaranties and states appellee's temporary forbearance from enforcing the terms of the note and guaranties, until either December 1, 2010 or until the occurrence of a subsequent default under the forbearance agreement. *Id.* The forbearance agreement provides:

> This agreement is hereby incorporated into and made a part of each of the loan document [sic], the terms and provisions of which, except to the extent modified by this agreement are each ratified and confirmed and continue unchanged in full force and effect.

*Id.* at Para. K.5.

Appellee alleges that appellants have been in default under their obligations under the note and guaranties since October 2009. Confession of J. filed (04/09/2012). After giving the requisite notices, appellee filed the underlying complaint in confession of judgment. *Id.* Appellants responded by filing a motion to strike/open confession of judgment, arguing that the judgment amounts are grossly excessive; the complaint fails to identify specifically which documents are being relied upon to confess judgment; and the execution of the forbearance agreement constituted a waiver of appellee's right to confess judgment, because it did not contain a separate warrant of attorney or cognovit clause. Mot. to strike/open confessed J. filed (05/08/2012). Appellee subsequently filed an answer to appellant's motion to strike/open confession of judgment. Ans. to Mot. to strike/open confessed J. filed (06/29/2012). On September 20, 2012, this court denied appellants' motion to strike/open confession of judgment after a hearing on the merits of the motion to strike. Order entered by J. Tucker (09/20/2012).

III. Legal Analysis of Appellant's Claims

A. This court did not err in denying Appellant's Motion to Strike Confession of Judgment because the confession of judgment provisions in the note and guaranties were not invalidated by the forbearance agreement.

This court properly denied appellant's motion to strike confession of judgment. A motion to strike confession of judgment is governed by *Pa. R.C.P. 2959*. Pa. R.C.P. 2959. It is well-settled that a confessed judgment is properly stricken only when there is a fatal defect in the judgment that is apparent on the face of the record. *Rittenhouse v. Barclay White, Inc.*, 625 A.2d 1208, 1210 (Pa. Super. 1993) (citing *Davis v. Woxall Hotel, Inc.*, 577 A.2d 636, 638 (Pa. Super. 1990) (citations omitted)). In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents which contain the confession of judgment clauses. *Atlantic National Trust, LLC v. Stivala Investments, Inc.*, 922 A.2d 919, 922 (Pa. Super. 2007)(citing *Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996)). Matters dehors the record filed by the party in whose favor the warrant is given will not be considered, *Resolution Trust Corp*, 546 Pa. at 106, 683 A.2d at 273. Therefore, if the truth of the factual averments contained in such record is disputed, then the remedy is by a proceeding to open the judgment and not to strike the judgment. *Id.* at 273.

A confession of judgment shall not be stricken where

the record is self-sustaining. *Resolution Trust Corp*, 546 Pa. at 106, 683 A.2d at 273. A record is self-sustaining where the warrant of attorney is in writing; is signed by the person to be bound by the warrant of attorney; and the signature is in direct relation to the warrant of attorney. *L.B. Foster Co. v. Tri-W Construction Company, Inc.*, 409 Pa. 318, 322, 186 A.2d 18, 19-20 (Pa. 1962)(citing *Frantz Tractor Co. v. Wyoming Valley Nursery*, 384 Pa. 213, 219-220, 120 A.2d 303, 306-07 (1956)). To be sure, the authority to confess judgment must be clear and explicit; an agreement containing a warrant of attorney must be strictly construed. *Solebury Nat'l Bank v. Cairns*, 380 A.2d 1273, 1275 (Pa. Super. 1977).

However, where a party has signed an agreement with clear and unambiguous language, the plain language of the agreement cannot be ignored. *Herman v. Stern*, 419 Pa. 272, 281, 213 A.2d 594, 598 (1967). As such, a general reference in the body of an agreement to a warrant of attorney or confession of judgment clause outside the agreement is insufficient to bind the signatory, unless the signatory signs the warrant of attorney where it appears. *L.B. Foster Co.*, 409 Pa. 318 at 322, 186 A.2d at 19-20. In addition, a modified contract incorporates a warrant of attorney from the original contract if it is clearly and expressly incorporated into the modified contract. *Frantz Tractor Co. v. Wyoming Valley Nursery*, 384 Pa. 213, 219, 120 A.2d 303, 306-07 (1956). Moreover, when the prior course of dealings between the parties indicates their

clear intention to have a warranty of attorney confession of judgment provision incorporated into an agreement, or that the parties knew or should have known that an outside provision was included in the contract, such language is sufficient to put the parties on notice of the inclusion of the provision, and is therefore binding. *Westinghouse Electric Co. v. Murphy, Inc.*, 425 Pa. 166, 175, 228 A.2d 656, 661 (1967) (giving force to an indemnity clause included in the appendix to a written agreement and comparing indemnity clauses to confession of judgment clauses).

Here, the complaint and the documents containing the confession of judgment clauses are self-sustaining. A confession of judgment was entered against appellants in the amount of $144,916.36. Appellant Kaya entered into a loan agreement note with appellee; this note contained a confession of judgment clause. Appellant Manosis and Medini both signed guaranty agreements that specifically referenced the loan to appellant Kaya; both of these guaranty agreements contained a confession of judgment clause. Judgment was properly confessed upon the face of the note and the guaranty agreements.

To the extent that appellants argue that the forbearance agreement modified the terms of the loan and guaranty agreements, the court finds such argument without merit. Appellants Kaya, Manosis, Medini and appellee signed a forbearance agreement, wherein appellee agreed to temporarily forebear existing defaults and to make other modifications to the original loan documents. The

language of the forbearance agreement states that it is "incorporated into and made a part of each [sic] loan document, the terms and provisions of which, except to the extent modified by this [forbearance] agreement, are each ratified and confirmed and continue unchanged in full force and effect." 1925(b) statement, at Ex. C. The clear language of the forbearance agreement shows that the forbearance agreement was not intended to modify the confession of judgment language in either the note or guaranties, despite appellants' arguments to the contrary. N.T. (08/22/2012) at 19-20, 22-23. The note and guaranty agreements each include language allowing confessions of judgment. Confession of J. filed (04/09/2012), at Ex. A-C. Moreover, the guaranties state that they are "absolute and unconditional" irrespective of any lack of validity or enforceability of any of the loan documents; any change in the time, manner, place or amount of payment or any other term in the note; or any release or amendment or waiver of the note. *Id.*, at Ex. B. Thus, the guaranties indicate that the subsequent execution of the forbearance agreement did not invalidate the confession of judgment language. Because the confessed judgment provisions in the existing note and guaranties were expressly incorporated into the forbearance agreement, they remain valid and in effect. *Herman*, 419 Pa. at 281, 213 A.2d at 598. There are no fatal defects or irregularities on the face of the record; each document contains a warrant of attorney authorizing the confession of judgment. *PNC Bank v. Bluestream Tech., Inc.*, 14 A.3d 831, 843 (Pa. Super. 2010). Simply

stated, this is not a case where a confession of judgment was "foisted upon anyone by implication or by general and non-specific reference." *Franz*, 384 Pa. at 216, 120 A.2d at 305. The complaint and documents support the court's denial of appellants' petition to strike confession of judgment.

B. This court did not err in denying appellants' motion to open confession of judgment because appellants did not present a meritorious defense.

This court also properly denied appellants' motion to open confession of judgment. Like a motion to strike confession of judgment, a motion to open confession of judgment is also governed by *Pa, R.C.P. 2959.* Pa. R.C.P. 2959. The decision whether to open a confessed judgment involves an exercise of the court's equitable powers, *Rittenhouse*, 625 A.2d at 1210 (Pa. Super. 1993) (citing *Continental Bank v. Axler*, 510 A.2d 726, 728 (Pa. Super. 1986)). In reviewing a petition to open judgment, the trial court should view the proffered evidence in the light most favorable to the petitioner. *Rittenhouse*, 625 A.2d at 1210 (Pa. Super. 1993). A judgment taken by confession will only be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence of that defense to require submission of the issues to the jury. *Id.* A meritorious defense is a defense that if proved at trial would justify relief. *Smith v. Morrell Beer Distribs.*, 29 A.3d 23, 26-28 (Pa. Super. 2011). Evidence of a meritorious defense must be "clear, direct, and precise,

and believable." *Germantown Savings Bank v. Talacki,* 657 A.2d 1285, 1289 (Pa. Super. 1995).

Here, appellants allege that they have meritorious defenses of both waiver and estoppel due to alleged lack of warranty of attorney in the forbearance agreement. 1925(b) statement. Equitable estoppel prevents one party from acting differently than the manner in which it induced another party to reasonably expect. *Homart Dev. Co. v. Sgrenci,* 662 A.2d 1092, 1097-1099 (Pa. Super. 1995) (citing *Novelty Knitting Mills, Inc. v. Siskind,* 457 A.2d 502, 503 (Pa. Super. 1995)). In order to apply, appellants must show by clear, precise, and unequivocal evidence: (1) that appellee intentionally or negligently misrepresented a material fact, knowing or with reason to know that appellants would justifiably rely on the misrepresentation, (2) that appellants acted to their detriment by justifiably relying on the misrepresentation, and (3) that there was no duty of inquiry on the part of appellants. *Homart Dev. Co.* 662 A.2d at 1099-1100 (citations omitted).

Here, appellants Kaya, Manosis, and Medini executed the note and guaranties which contain a warrant of attorney to confess judgment upon default. Confession of J. filed (04/09/2012), at Ex. A - C. Appellants never dispute that they are in default of their loan. The language of the forbearance agreement expressly ratifies the existing loan documents, confirms the existence of the indebtedness, and does not create a new loan. *Id.* The fact that appellants signed the forbearance agreement does not nullify the

existence of the confession of judgment clauses in the previously executed contractual documents. *Frantz Tractor Co.*, 384 Pa. 213, 219, 120 A.2d at 306-07. Given these facts, the loan documents taken as a whole, evidence the parties' clear intention that appellee would retain its rights and remedies in the confession of judgment provisions in the note and guaranties. Because appellee maintained its right to confess judgment throughout a multitude of documents signed by appellants, appellants cannot assert that appellee either intentionally or negligently misrepresented a material fact. Therefore, appellants cannot assert a meritorious defense of estoppel.

To the extent that appellants argue that appellee somehow waived its right to confess judgment, the court finds this claim without merit for the reasons stated above, again, this is simply not the case where a confession of judgment was "foisted upon anyone by implication or by general and non-specific reference." *Franz*, 384 Pa. at 216, 120 A.2d at 305.

## IV. Conclusion

This court properly denied appellant's motion to strike confession of judgment because appellants presented no evidence that there was a fatal defect on the face of the record. With regard to the motion to open confession of judgment, appellants failed to allege a meritorious defense to the entry of the confession of judgment. The court's ruling should stand.