J-S21040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| RIDESAFELY.COM, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALIOUNE THIAM, | |
| Appellant | No. 2867 EDA 2014 |

Appeal from the Order Entered September 25, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 14030661

BEFORE:  BOWES, JENKINS and PLATT,*JJ.

DISSENTING MEMORANDUM BY BOWES, J.:          **FILED JUNE 18, 2015**

I disagree with my distinguished colleagues that Appellant waived his claim that the lack of a direct relation between the warrant of attorney and the signature rendered the confession of judgment unenforceable. Furthermore, I find merit in Appellant's position and believe the confessed judgment should have been opened on that basis.  Hence, I respectfully dissent.

Appellant, who appeared *pro se*, pled that he never voluntarily, intelligently and knowingly gave up his right to notice and a hearing prior to

_____

* Retired Senior Judge assigned to the Superior Court.

entry of judgment. Answer to Confession of Judgement Claim, at 2 ¶12.[1] In his memorandum of law accompanying the pleading, Appellant specified that he never saw the purchase order prior to signing it and the confession of judgment clause was not presented in a conspicuous manner. Memorandum of Laws for Petition to Strike/Open Confessed Judgment, at unnumbered 4. He contended that RideSafely should have been required to produce the original or a photo static copy of the screen that captured the document in the form in which it was presented to the user. *Id*.

Appellant's averment was sufficient under Pa.R.C.P. 2959 to apprise RideSafely of his contention that the warrant of attorney was not conspicuously displayed when he affixed his electronic signature. Indeed, such notice was conferred as evidenced by Ridesafely's response: "The Agreement was presented to Defendant in a conspicuous manner." Plaintiff's Response in Opposition to Defendant's Petition to Strike or Open Confessed Judgment, at 2 ¶6.

Moreover, prior to the hearing, Appellant filed a supplemental memorandum in which he captured screenshots that depicted the screen when he was "'supposedly' presented with the contract" that contained the cognovit clause. Additional Memorandum of Laws for Petition to Strike the

---

[1] The Answer was properly treated by the court as a motion to strike and/or open a confessed judgment.

Confession of Judgment, 8/21/14, at 2. The screenshot when he clicked the "confirm" button and affixed his signature does not display the purchase order containing the confession of judgment clause. RideSafely merely noted the presence on the screen of a hyperlink to a purchase order agreement but did not advise that it contained a confession of judgment clause. Appellant contended that a confession of judgment clause that is visible only after one accesses the document in which it appears via hyperlink is not conspicuous. Further, he argued that by clicking on the "confirm" button, it was not clear that he was affixing his signature to the hyperlinked purchase order agreement rather than merely confirming the bid that appeared on the screen. *Id*. at 3. Appellant cited ***L.B. Foster Co. v. Tri-W Construction Co.***, ***Inc.***, ***supra***, for the proposition that the warrant of attorney authorizing confession of judgment was unenforceable under Pennsylvania law as it was not placed conspicuously on the same page as the signature. Appellant sufficiently articulated below the issue he argues on appeal and waiver is not justified on this record.

Before turning to the merits of Appellant's argument, I would point out that confession of judgment clauses have been described as "the most powerful and drastic document known to civil law." ***Cutler Corporation v. Latshaw***, 97 A.2d 234, 236 (Pa. 1953). Since such a clause deprives a party of his or her day in court and permits a creditor to obtain an enforceable judgment against a debtor without benefit of trial or a defense,

it is not favored. It is "equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword." *Id*. Consequently, "the law jealously insists on proof that this helplessness and impoverishment was voluntarily accepted and consciously assumed." *Id*.; *see also Scott Factors, Inc. v. Hartley*, 228 A.2d 887 (Pa. 1967).

Courts strictly scrutinize confession of judgment clauses due to the constitutional due process concerns associated with their enforcement. *See Germantown Mfg. Co. v. Rawlinson*, 491 A.2d 138 (Pa.Super. 1985). In *Frantz Tractor Co. v. Wyoming Valley Nursery*, 120 A.2d 303, 305 (Pa. 1956), our High Court affirmed the trial court's striking of a confessed judgment based on a warrant of attorney located on the reverse side of a commercial lease that consisted of twenty-one paragraphs "so finely printed as not to be readily legible and so close in type as to be blurred." *Id*. The confession of judgment clause was located in the last half of the eighteenth paragraph; the lessee's signature was located on the front page. Our Supreme Court reiterated:

> Where a lease contains a warrant of attorney, the signature of the lessee must bear such direct relation to the provision authorizing the warrant as to leave no doubt that the lessee signed, conscious of the fact that he was thereby conferring upon the lessor a warrant to confess judgment against him for a breach of a covenant of the lease. A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted

- 4 -

upon anyone by implication or by general and nonspecific reference.

*Id*.

Thus, in order to be enforceable even between commercial entities, the warrant of attorney authorizing confession of judgment must be conspicuous and signed, and the signature "must bear a direct relation to the warrant of attorney and may not be implied." *L. B. Foster Co. v. Tri-W Const. Co.*, *supra* at 20. There should be no doubt that the person signing the warrant was conscious of the fact that he was consenting to the confession of judgment against him in the event of breach.

The Uniform Commercial Code, 13 Pa.C.S. §1201(10) defines conspicuous "[w]ith reference to a term," as "so written, displayed or presented that a reasonable person against which it is to operate ought to have noticed it." A conspicuous term includes

> (i)    A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font or color to the surrounding text of the same or lesser size;
>
> (ii)   Language in the body of a record or display in larger type than the surrounding text, in contrasting type, font or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

13 Pa.C.S. §1201(10)(i-ii). *See also Moscatiello v. Pittsburgh Contractors Equipment Co.*, 595 A.2d 1190, (Pa.Super. 1991) ("A term or clause is 'conspicuous' when it is 'so written that a reasonable person

against whom it is to operate ought to have noticed it . . . . Language in the body of a form is conspicuous if it is in larger or other contrasting type or color . . . .'").

In **Graystone Bank v. Grove Estates, LP.**, 58 A.3d 1277, 1283 (Pa.Super. 2012), this Court recently held that a "warrant of attorney that appeared conspicuously in all caps on the very bottom of the penultimate page of the agreement and immediately preced[ing]" the signature at the top of the following final page, sufficed. Generally, where the clause is clear and conspicuous and the signature of the debtor appears in direct relation to the confession of judgment clause, we have enforced such clauses as between business entities. We enforced a conspicuous confession of judgment clause in a commercial lease in **Ferrick v. Bianchini**, 69 A.3d 642, 647-648 (Pa.Super. 2013), finding the "clear manifestation of consent that is required to sustain the validity of a cognovit clause," not a situation where the warrant was "foisted upon anyone by implication or by general and nonspecific reference."

The instant appeal presents novel issues because it involves an online transaction. The purchase order appended by RideSafely to the complaint in confession of judgment is a three-page document consisting of eighteen paragraphs. This is apparently a hard copy version of the purchase order on the RideSafely website. Paragraph 17 provides:

17. "PENALTY FOR VIOLATION OF PARAGRAPH 2/ CONFESSION OF JUDGMENT: Buyer covenants and agrees that if he files or initiates an action either against Ridesafely.com and/or against any of its affiliated dealers in any jurisdiction other than Philadelphia, Pennsylvania, Ridesafely.com and/or its affiliated dealer may cause judgment to be entered against the Buyer, and for that purpose of that the Buyer hereby authorizes and empowers Ridesafely.com and/or its affiliated dealer or any Prothonotary, Clerk of Court or attorney of any court of record to appeal for and confess judgment against the Buyer and agrees that Ridesafely.com and/or its affiliated dealer may commence an action pursuant to Pennsylvania Rules of Civil Procedure No. 2950 et. seq. for the recovery from the Buyer of the amount of monies, which shall be the greater of the two – either the amount claimed by the Buyer in an action which was initiated in violation of Paragraph 2 of this Agreement or the amount of money the Buyer has set as the "Price" in this Agreement (Paragraph "ORDER" of this Agreement) together with any and all outstanding fees incurred by the Buyer and any and all storage and/or late fees accumulated by the Buyer, as well as for interest and costs and attorney's commission of 15% (fifteen per cent), for which thereto, shall be sufficient warrant.  Neither the right to institute an action pursuant to Pennsylvania Rules of Civil Procedure No 2950 et. seq., nor the authority to confess judgment granted herein shall be exhausted by one or more exercises thereof, but successive complaints may be filed and successive judgments may be entered for the afore-described sums five days or more after they become due as prescribed in this agreement.  No judgment shall be filed by Ridesafely.com and/or its affiliated dealer without at least (30) days written notice, certified mail returned receipt requested, and opportunity to the Buyer to cure any such default by discontinuing the action/litigation/suit, which is/was filed and/or initiated in violation of Paragraph 2 of this Agreement and dismissing it with prejudice.

Purchase Agreement at unnumbered 3, ¶17.

Notably, the paragraph containing the warrant of attorney is no more conspicuous than the remaining paragraphs of the document.[2] The warrant of attorney authorizing confession of judgment is located in the middle of a long paragraph and the language is not bolded or capitalized. Just as important in my opinion are the screenshots from the RideSafely website. They revealed that the actual purchase order agreement containing the warrant of attorney was not displayed on the screen when Appellant clicked the "confirm" button and electronically signed the document.[3] The purchase order was accessible only by hyperlink and Appellant maintained that he never saw it. At best, he argued, the hyperlink operated as a reference to the document that contained the warrant of attorney. Thus, Appellant contended, the purchase order itself was not conspicuous when he clicked the button and affixed his signature, and furthermore, the signature was not affixed in direct relation to the confession of judgment clause. At the September 4, 2014 hearing, RideSafely's only rebuttal was that, "The

_____

[2] Appellant did not argue that the confession of judgment clause should be stricken as inconspicuous on its face due to the lack of capital or bold letters.

[3] In ruling on a petition to open a judgment, "matters dehors the record filed by the party in whose favor the warrant is given, i.e., testimony, depositions, admissions, and other evidence, may be considered by the court." **Resolution Trust Corp. v. Copley Qu-Wayne Associates**, 683 A.2d 269, 273 (Pa. 1996)

contract was available on the website for his review, very clear and plain." N.T. Hearing, 9/4/14, at 7.

On the record before me, I believe the confessed judgment should have been opened. Appellant offered evidence that the purchase order agreement containing the confession of judgment clause was not displayed on the screen when he signed the purchase order. It was only accessible by clicking on a hyperlink. I agree with Appellant that this situation is analogous to the one where such a clause appears outside the body of a lease in an addendum that was not separately signed but only referenced in the original agreement. We found the latter to be invalid and unenforceable in **Hazer v. Zabala**, 26 A.3d 1166, 1170-1171 (Pa.Super. 2011). **See also Frantz Tractor Co., supra** at 305 (general reference in the body of an equipment rental agreement to terms and conditions on the reverse side was insufficient to bind the lessee to a warrant of attorney contained on the reverse side).

The trial court did not address whether the warrant of attorney was sufficiently conspicuous and directly related to Appellant's signature as to be legally enforceable. Instead, the court characterized the dispute as hinging on the credibility of Appellant's representation that he did not see or sign the contract and did not waive any right to institute suit in Minnesota. In order to resolve that credibility issue, the Court stated that Appellant would have to appear in person in Philadelphia, and when Appellant responded that he

could not do so, the court immediately denied the petition to strike and/or open.

Under Pennsylvania law, whether the confession of judgment clause was clear and conspicuous and the signature sufficiently related to the clause to be valid and enforceable is a question of law. *See Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614 (Pa.Super. 2013) (holding that the legal effect or enforceability of a contract provision presents a question of law accorded full appellate review). The truth of Appellant's representation that he did not see or read the clause was immaterial to the resolution of this issue and the trial court erred in reducing the issue to one of credibility. *See Hazer*, *supra* at 1171.

I would also note the following. The instant online transaction involved Appellant, a natural person, and RideSafely, a business entity engaged in brokering the sale of salvage motor vehicles. Appellant accessed the RideSafely website and secured the services of the broker to bid on and purchase his desired vehicle. In doing so, Appellant confirmed the contract by clicking the confirm button on the screen that contained the hyperlink. That action operated to place his electronic signature on the bid confirmation contract displayed on the computer screen as well as on the purchase order that was in the hyperlink. That electronic signature on the purchase order was relied upon by RideSafely to confess judgment against him for the "price" stated on the face of the purchase order, plus fees, attorney's fees,

and costs, if the Buyer violated the choice of forum clause in paragraph two of the purchase order, which designated Philadelphia Pennsylvania as the exclusive forum. Appellant paid in full for the vehicle. Thus, there was no credit advanced and there was no default.

As the Majority correctly concludes, this was not a consumer **credit** transaction within the meaning of Pa.R.C.P. 2950 and ***Willits v. Fryer***, 734 A.2d 425 (Pa.Super. 1999), since there was no financing arrangement between the parties. Thus, Appellant's reliance upon the rule's prohibition against confession of judgment clauses in consumer credit transactions is misplaced. However, I believe our Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq*. provides the legal support Appellant was seeking. Pursuant to the UTPCPL, 73 P.S. § 201-2(4)(xviii), use of "a contract, form or any other document related to a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action" is an unfair or deceptive act or practice. I submit that the UTPCPL renders a warrant of attorney authorizing confession of judgment in a consumer contract such as the one herein invalid and unenforceable.

What is particularly troubling herein is that Appellant paid for the vehicle and owes RideSafely nothing. RideSafely is being permitted to confess judgment when Appellant does not owe a debt. The amount of the confessed judgment even exceeds the price Appellant paid for the vehicle.

This draconian penalty purports to be damages due to Appellant's breach of the contract by filing suit in another state. There is not a scintilla of proof that RideSafely incurred damages close to the amount of the confessed judgment, and I find this clause repugnant and unenforceable. I believe that the judgment entered in this case was obtained without due process and should not be accorded full faith and credit in any court in this nation.

For the foregoing reasons, I believe the warrant of attorney used to confess judgment against Appellant was invalid and unenforceable, and that the trial court erred in refusing to open the confessed judgment. Hence, I dissent.