FIRST UNION NATIONAL BANK, Fleet National Bank, Wilmington Trust of Pennsylvania and MBC Leasing Corp., Appellee,

v.

PORTSIDE REFRIGERATED SERVICES, INC., Orchard Hill Development Corporation, SLS Services, Inc., T/D/B/A, Holt Oversight and Logistical Technologies, Rail Distribution Center, Inc., Dockside Refrigerated Warehouse of Philadelphia, Inc., Triple Severn Warehousing, Inc., T/D/B/A Southern Maintenance and Repair, Trans Ocean Maritime Services, Inc., Gloucester Marine Terminal, Inc., Express Equipment Rental Co., Gloucester Refrigerated Warehouse, Inc. and Oae, Inc.,

Appeal of: Orchard Hill Development Corporation, Appellant.

First Union National Bank, Fleet National Bank, Wilmington Trust of Pennsylvania and MBC Leasing Corp., Appellee,

v.

Portside Refrigerated Services, Inc., Orchard Hill Development Corporation, SLS Services, Inc., T/D/B/A, Holt Oversight and Logistical Technologies, Rail Distribution Center, Inc., Dockside Refrigerated Warehouse of Philadelphia, Inc., Triple Severn Warehousing, Inc., T/D/B/A Southern Maintenance and Repair, Trans Ocean Maritime Services, Inc., Gloucester Marine Terminal, Inc., Express Equipment Rental Co., Gloucester Refrigerated Warehouse, Inc. and Oae, Inc.,

Appeal of: Portside Refrigerated Services, Inc., SLS Services, Inc., T/D/B/A, Holt Oversight and Logistical Technologies, Rail Distribution Center, Inc., Dockside Refrigerated Warehouse of Philadelphia, Inc., Triple Severn Warehousing, Inc., T/D/B/A Southern Maintenance and Repair, Trans Ocean Maritime Services, Inc., Gloucester Marine Terminal, Inc., Express Equipment Rental Co., Gloucester Refrigerated Warehouse, Inc. and Oae, Inc., Appellants.

First Union National Bank, Fleet National Bank, Wilmington Trust of Pennsylvania and MBC Leasing Corp., Appellee,

v.

Thomas J. Holt, Sr. Appellant.

Superior Court of Pennsylvania.

Argued March 26, 2003.

Filed June 24, 2003.

Nicholas M. Centrella, Philadelphia, for Orchard Hill.

James L. Beausoleil, Jr., Philadelphia, for First Union, et al.

Lawrence G. McMichael, Philadelphia, for Portside Refrigerated, et al.

Before: JOYCE, ORIE MELVIN and BECK, JJ.

OPINION BY ORIE MELVIN, J.

¶ 1 This matter involves three consolidated appeals from an order of the trial court denying Appellants' petitions to strike or open a judgment entered by confession. Appellants raise numerous claims of trial court error and/or abuse of discretion in denying relief. After careful review, we conclude the judgment must be stricken, and, accordingly, we reverse.

¶ 2 The facts and procedural history may be summarized as follows. Appellants are Thomas J. Holt, Sr. and a number of corporations owned and operated by Mr. Holt and his sons. On April 11, 2001, Appellants executed a Guaranty in favor of the Appellee Banks for several loans to certain other affiliated companies which were involved in bankruptcy proceedings. The Guaranty included a confession of judgment clause.

¶ 3 On March 4, 2002, Appellees gave notice to Appellants of default by the original borrowers (the bankrupt companies) and demanded immediate payment in full

of a sum in excess of $62 million plus interests, fees and costs. Appellees then filed complaints in confession of judgment against Appellants on March 12, 2002. In response, on April 11, 2002, Appellants filed petitions to strike or open the judgment in which they asserted numerous grounds for granting relief. After oral argument, the trial court denied the petitions,[1] and this timely appeal followed.

¶ 4 Appellants raise the following issues for our review:

1. Did the [trial] court commit an error in denying the petition to strike or, in the alternative, to open, and to stay execution proceedings?

2. Did the [trial] court commit an error of law by finding that the statutory confession of judgment notice requirements were met in this case?

3. Did the [trial] court commit an error of law when it failed to strike the judgment despite the fact that the Complaint for Confession did not contain an allegation that all conditions precedent had occurred?

4. Did the [trial] court commit an error of law when it failed to strike the judgment even though the judgment included an inaccurate and inappropriate amount of principal?

5. Did the [trial] court commit an error of law when it failed to strike the judgment despite the fact that a proper demand as required by Pennsylvania Rules of Civil Procedure 2952(a) had not been made?

6. Did the [trial] court commit an error of law when it failed to strike the judgment despite the fact that the Complaint for Confession did not include a copy of

---

1. The trial court did strike the portion of the confessed judgment which represented interest accruing prior to the date of the default notice. That portion of the order is not challenged on appeal.

all documents material to the parties' dispute?

7. Did the [trial] court commit an error of law when it failed to strike the judgment despite the fact that [Appellees] failed to give notice to certain non-parties?

8. Did the [trial] court commit an error of law when it failed to strike the judgment even though the Guaranty sued upon is unconscionable and, therefore, unenforceable?

9. Did the [trial] court commit an error of law when it failed to open the judgment despite the fact that [Appellants] had meritorious defenses, including the failure of consideration, the failure to act in a reasonable commercial manner, and the breach of obligations to the guarantor?

10. Did the [trial] court abuse its discretion in limiting the rule to show cause hearing to only two grounds stated in the petitions to strike or, in the alternative open confessed judgment and to stay execution proceedings?

Brief for Appellants Orchard Hill Development Corporation and Thomas J. Holt, Sr., at 3–4.[2]

¶ 5 This Court's review of a trial court order denying a petition to strike is limited to a determination of whether the record as filed by the party confessing judgment is sufficient to sustain the judgment. *Germantown Savings Bank v. Talacki*, 441 Pa.Super. 513, 657 A.2d 1285 (1995). By contrast, a trial court order denying a petition to open will be reversed only where there has been a manifest abuse of discretion or error of law. *Id.*

¶ 6 We begin with the contentions relative to the denial of the petition

to strike. "A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record." *PNC Bank v. Bolus*, 440 Pa.Super. 372, 655 A.2d 997, 999 (1995). "In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given.... Matters dehors the record [ ] will not be considered." *Resolution Trust Corp. v. Copley Qu–Wayne Assoc.*, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996). Appellants first argue that a fatal defect exists because Appellees failed to comply with the notice required by 42 Pa.C.S.A. § 2737.1, which is a section of the Judicial Code found in the chapter specifying the powers and duties of prothonotaries. *See* 42 Pa.C.S.A. § 2701(a). The pertinent section regarding notice provides as follows.

### § 2737.1. Incorrect debtor identified

At the time a creditor files for a judgment by confession under section 2737(3) (relating to powers and duties of the prothonotary), the creditor filing the judgment shall provide the debtor with written instructions regarding the procedure to follow to strike the judgment. A debtor who has been incorrectly identified and had a confession or judgment entered against him shall be entitled to costs and reasonable attorney fees as determined by the court. The instructions provided to the debtor shall explain to the debtor that under this section he is entitled to costs and reasonable attorney fees as determined by the court if he was incorrectly identified.

---

**2.** The remaining Appellants filed a separate brief which sets forth the identical issues numbered 1 through 9.

42 Pa.C.S.A. § 2737.1. The trial court concluded that Appellees' compliance with Pa. R.C.P. 2958.1 was sufficient to meet the requirements of Section 2737.1. That Rule requires, in relevant part, as follows.

### Rule 2958.1. Notice Served Prior to Execution

(a) A written notice substantially in the form prescribed by Rule 2964 shall be served on the defendant at least thirty days prior to the filing of the praecipe for writ of execution.

Pa.R.C.P. 2958.1, 42 Pa.C.S.A.

¶ 7 Each of the Appellants was served with a Notice which was substantially in the form required by Rule 2964 and provided as follows.

### NOTICE UNDER RULE 2958.1 OF JUDGMENT AND EXECUTION THEREON

### NOTICE OF DEFENDANT'S RIGHTS

TO: [INDIVIDUAL APPELLANT]

A judgment in the amount of $63,690,820.52 plus costs, additional interest and attorneys' fees has been entered against you and in favor of the [Appellees] without any prior notice or hearing based on a confession of judgment contained in a written agreement or other paper allegedly signed by you. The sheriff may take your money or other property to pay the judgment at any time after thirty (30) days after the date on which this notice is served on you.

You may have legal rights to defeat the judgment or to prevent your money or property from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107–2911
(215) 238–6333

¶ 8 The trial court noted that Rule 2958.1 is specific as to the contents of the required notice to the debtor while Section 2737.1 is not. Because both provisions require information on seeking relief from a confessed judgment, the trial court concluded that compliance with the notice requirements of Rule 2958.1 is sufficient to satisfy Section 2737.1.

¶ 9 There is no question that the two provisions contain similar subject matter regarding notice given when a judgment by confession is entered. Rule 2958.1 was last amended effective July 1, 1999; the statute was enacted effective February 2001. In order to determine the relationship between the two provisions, we find that a review of the general principles of statutory construction is appropriate. We have recently explained our approach to statutory construction as follows.

> When construing a statute, our objective is to ascertain and effectuate the legislative intent. 1 Pa.C.S.A. § 1921(a); *see also Berger v. Rinaldi,* 438 Pa.Super. 78, 651 A.2d 553, 557 (Pa.Super.1994). In so doing, we must begin with a presumption that our legislature did not intent any statutory language to exist as mere surplusage. *Id.* Accordingly, "whenever possible, courts must construe a statute

so as to give effect to every word contained therein."

*Wiernik, v. PHH U.S. Mortgage Corp.,* 736 A.2d 616, 620 (Pa.Super.1999), *appeal denied,* 561 Pa. 700, 751 A.2d 193 (2000).

¶ 10 Accordingly, we must presume that the legislature did not consider its enactment of Section 2737.1 to be unnecessary. If possible, the statute must be construed to give effect to each and every word. In order to determine what is meant by the requirement of "instructions regarding the procedure to follow to strike the judgment," we look to Pa.R.C.P. 2959 which provides the procedure for striking or opening a judgment entered by confession:

**Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure**

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only

 (i) in support of a further request for a stay of execution[.]

 \* \* \*

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1 or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.

(c) A party waives all defenses and objections which are not included in the petition or answer.

(d) The petition and the rule to show cause and the answer shall be served as provided in Rule 440.

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

Pa.R.C.P. 2959, 42 Pa.C.S.A.

¶ 11 The trial court concluded that the notice given pursuant to Pa.R.C.P. 2958.1 was sufficient to explain the procedure for seeking to strike a judgment entered by confession. However, review of Pa.R.C.P. 2959 reveals several specific procedural instructions for seeking relief from a judgment entered by confession. Among other things, that Rule directs that all possible grounds for relief must be included within a single petition, provides that a petition must ordinarily be filed within thirty days of service, and specifies the manner of service of the petition. Additionally, Rule

2959 explains the permissive counties where the petition may be filed as well as what actions are to be taken by the trial court in ruling on such a petition.

¶ 12 We find that the instructions described by Section 2737.1 clearly require more than the notice set forth in Pa.R.C.P. 2958.1. Section 2737.1 refers to the actual procedure for striking off the judgment. The Rule 2958.1 notice simply advises a debtor that he or she has 30 days to take some action with respect to the judgment but does not explain what a petition must contain, where it may be filed, and how it must be served. Additionally, the Rule 2958.1 notice does not inform a debtor of his entitlement to attorney fees and costs for misidentification. In order to give effect to Section 2737.1 in its entirety, we must conclude that more than Rule 2958.1 notice is required when a judgment is entered by confession, particularly since the last amendment to Rule 2958.1 was made in 1999, prior to the enactment of 42 Pa. C.S.A. § 2737.1.

¶ 13 Appellees cite *Duffy v. Gerst*, 286 Pa.Super. 523, 429 A.2d 645 (1981), in support of their argument that a judgment should not be stricken for failure of the prothonotary to comply with a notice provision. In *Duffy*, the appellants argued that a default judgment entered against them should be stricken because the prothonotary failed to give them notice of the final decree as required by Pa.R.C.P. 236(a)(2). We concluded that this failure on the part of the prothonotary did not provide a ground for striking judgment because the appellant was able to and did

file a petition for relief from the judgment prior to the entry of the final decree.

■ ¶ 14 By contrast in the instant matter, we are not concerned with a lack of notice of a final decree. Additionally, unlike a default judgment such as that in *Duffy*, a party **confessing** judgment is required by Rule 236 to "provide the prothonotary with the required notice and documents for filing[.]" Thus we are not simply reviewing a failure by a public official to perform a ministerial task. Instead, we must determine whether Appellees failed to provide a mandated notice and whether that omission constitutes a fatal defect. We, therefore, find *Duffy* to be distinguishable and not controlling.[3]

¶ 15 A review of the complaints in confession of judgment and the accompanying affidavits makes clear that Appellees only provided the notice required by Rule 2958.1, set forth above. There can be no question that the specific instructions required by Section 2737.1 were not set forth ("the creditor filing the judgment **shall** provide the debtor with written instructions regarding the procedure to follow to strike the judgment" and "[t]he instructions provided to the debtor **shall** explain to the debtor that under this section he is entitled to costs and reasonable attorney fees as determined by the court if he was incorrectly identified.") We are mindful of the mandatory connotation which is usually attributed to the word "shall." *Zimmerman v. O'Bannon*, 497 Pa. 551, 556, 442 A.2d 674, 677 (1982). Additionally, we note that Rule 236 places an affirmative duty on a party confessing judgment to

---

**3.** We also find unpersuasive Appellees' argument that Appellants waived any and all defects in a confession of judgment proceeding simply because the Guaranty included language that judgment could be confessed "with release of errors." *See* Guaranty ¶ 10. Unlike the clear language in *Courtney v. Ryan*

*Homes, Inc.*, 345 Pa.Super. 109, 497 A.2d 938, 941 (1985), where the debtor expressly agreed that it "forever waives and releases all errors in said proceedings," the Guaranty at issue in this case falls far short of an absolute waiver.

provide the appropriate notices to the debtor to the prothonotary.

¶ 16 The validity of a confession of judgment requires strict compliance with the Rules of Civil Procedure as well as "rigid adherence to the provisions of the warrant of attorney." *Citizens National Bank v. Rose Hill Cemetery Association*, 218 Pa.Super. 366, 281 A.2d 73, 74 (1971). Absent such compliance, a confession of judgment cannot stand. For all of the foregoing reasons, we hold that Appellees' failure to provide the requisite instructions set forth in Section 2737.1 of the Judicial Code constitutes a fatal defect apparent on the face of this record. The remedy for such a defect or irregularity on the face of the record is a striking of the judgment. *Resolution Trust, supra.* Accordingly, the order denying Appellants' motion to strike must be reversed and the judgment stricken.[4]

¶ 17 Order reversed and judgment stricken. Jurisdiction relinquished.

---

4. In light of our disposition we find it unnecessary to address Appellants' remaining claims.