Murathan HAZER a/k/a Max Hazer and Suna Hazer a/k/a Susan Hazer, Appellees

v.

Juan ZABALA, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 2011.

Filed Aug. 11, 2011.

Richard A. Veon, Reading, for appellant.

Jerry A. Snyder, Fogelsville, for appellees.

Before GANTMAN, MUNDY, and STRASSBURGER *, JJ.

OPINION BY MUNDY, J.:

Appellant, Juan Zabala, appeals from the October 21, 2010 order denying Appellant's petition to strike, or in the alternative, petition to open confessed judgment. We reverse and remand for further proceedings.

A review of the certified record reveals the following factual and procedural history of this matter. On September 29, 2008, Appellees, Murathan Hazer and Suna Hazer (Hazers), as lessors, executed a commercial lease agreement with Appellant, as lessee, for commercial retail space at 1635 Centre Avenue, Reading, Pennsylvania. Certified Record (C.R.) at 1, Attachment. On July 16, 2010, Hazers filed a complaint in confession of judgment against Appellant averring, *inter alia*, failure to timely pay rent. C.R. at 1. On August 11, 2010, Appellant filed a petition to strike or, in the alternative, open the confessed judgment. C.R. at 2. A hearing on a rule to show cause was held on September 24, 2010.[1] On October 21, 2010, the trial court filed an order denying and dismissing Appellant's petition to strike or open the confessed judgment. C.R. at 8. Appellant filed a notice of appeal on November 15, 2010.[2] C.R. at 10.

Appellant raises the following questions for our review.

1. Whether the instant litigation involving a confessed judgment against [Appellant] is proper when the underlying contract ("Lease") is between [Hazers] and Zabala Broker, LLC as evidenced by a) the hand- written language of the lease freely entered into simultaneously by the parties and b) [Hazers'] subsequent numerous acceptances of payments from the limited liability corporation and not [Appellant]?

2. Whether a Delaware corporation that transacts business in Pennsylvania and that enters into a contract with [Hazers] can be sued under Pennsylvania law despite a failure to file a fictitious name application with Harrisburg?

3. Whether a draft of a lease other than the Lease sued upon can be entered into evidence in violation of the parol evidence rule at a hearing to show the likelihood that a similar event occurred at a later time?

4. Whether a confession of judgment clause (cognovit) must be conspicuously placed in the body of a contract; by bold or capital print; in the signer's native language; and separately signed due to the draconian nature of cognovit clauses?

5. Whether assuming arguendo the confession clause is upheld against . . . Appellant, was the correct amount of damages calculated by counsel for [Hazers], entered by the Prothonotary, and affirmed by the Court?

6. If the warrant for confession, signed by a Pennsylvania attorney, is based upon the above legal deficiencies, is said warrant legally deficient under the Pennsylvania Rules of Civil Procedure governing confession of judg-

---

* Retired Senior Judge assigned to the Superior Court.

1. The trial court filed an order striking the July 16, 2010 judgment of confession but va-

cated that order on September 8, 2010, when it issued the rule to show cause. C.R. at 2, 3.

2. Appellant and the trial court have complied with Pa.R.A.P. 1925(a) and (b).

ment complaints, such as [Hazers'] herein?

Appellant's Brief at 4–5.

 The standard of review we employ is well settled.

We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. *First Union National Bank v. Portside Refrigerated Services, Inc.*, 827 A.2d 1224, 1227 (Pa.Super.2003). A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. *Id.* Similarly, we review the order denying Appellant's petition to open the confessed judgment for an abuse of discretion. *Id.; PNC Bank v. Kerr*, 802 A.2d 634, 638 (Pa.Super.2002) ("A petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.").

*PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc.*, 14 A.3d 831, 835 (Pa.Super.2010), quoting, *ESB Bank v. McDade*, 2 A.3d 1236, 1239 (Pa.Super.2010).

To open a judgment, a party must allege a meritorious defense.... Hence, we proceed to examine Appellant's position in light of the applicable standard for opening a confessed judgment. [A] petition to open rests within the discretion of the trial court, and may be granted if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury.

*Id.* at 835–836 (citations and internal quotation marks omitted). Our scope of review has been described as follows.

In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

... When determining a petition to open a judgment, matters dehors the record filed by the party in whose favor the warrant is given, i.e., testimony, depositions, admissions, and other evidence, may be considered by the court. An order of the court opening a judgment does not impair the lien of the judgment or any execution issued on it.

*Resolution Trust Corp. v. Copley Qu-Wayne Associates*, 546 Pa. 98, 683 A.2d 269, 273 (1996). Further, we require strict adherence to the rules governing the use of confessed judgments. "The rules providing for confession of judgments should be strictly construed. *First Union National Bank [v. Portside Refrigerated Services, Inc.*, 827 A.2d 1224, 1231 (Pa.Super.2003) ] (validity of confessed judgment requires strict compliance with Rules of Civil Procedure and absent compliance, confession of judgment cannot stand)." *ESB Bank v. McDade*, 2 A.3d 1236, 1244 (Pa.Super.2010).

Appellant first claims that the confessed judgment should be stricken because he is not a proper party to the suit. Appellant claims that he did not sign the subject lease in his individual capacity but "as his Delaware Limited Liability Company," Za-

bala Broker, LLC.[3] Appellant's Brief at 11. Appellant maintains that the proper party is Zabala Broker, LLC and "that there is no personal liability on the part of [Appellant]." *Id.*

Appellant in fact signed his name to the lease, beneath which he printed "DBA/ZABALA BROKER, LLC." Certified Record (C.R.) at 1, Attachment to Complaint. The trial court found, *inter alia,* that such manner of signature did not identify the capacity with which Appellant purportedly sought to bind Zabala Broker, LLC, resulting in his entering into the lease agreement in his individual capacity. Trial Court Opinion, 1/11/11, at 4. We agree.

 Appellant provides no authority to support his assertion that the addition of "D/B/A" after a signature operates to bind only the designated entity and not the individual signing. The use of "D/B/A" as an abbreviation for "doing business as" is commonly understood to alert interested parties to the fact that the person or entity so designated, is known for business purposes under another or fictitious name. *See* BLACK'S LAW DICTIONARY, 425 (8th Edition 2004) (defining the term "**d/b/a.** abbr. Doing business as. ● The abbreviation usu. Precedes a person's or a business's assumed name <Paul Smith d/b/a/ Paul's Dry Cleaners>"). As such, "D/B/A" carries no implication of representative capacity of a former individual or entity to act on behalf of a latter entity. Rather, akin to "a/k/a" (also known as), "D/B/A" identifies an equivalency or single identity between the appellations. As noted by the trial court, Appellant in signing the lease did not identify himself as an officer, member, or agent with authority to act on behalf of Zabala Broker, LLC.

Corporations necessarily act through agents and if one so acting is to escape personal liability for what he intends to be a corporate obligation, the limitation of his responsibility should be made to appear on the face of the instrument. Otherwise, the individual signature imports a personal liability[.]

*Hillbrook Apartments, Inc. v. Nyce Crete Co.,* 237 Pa.Super. 565, 352 A.2d 148, 152 (1975), quoting, *Watters v. De Milio,* 390 Pa. 155, 134 A.2d 671, 674 (1957) (internal citations omitted). We deem this principle to apply equally to a Limited Liability Company. We also conclude that the use of "D/B/A" with Appellant's signature does not impart a limitation of his individual responsibility in this case.

In support of his petition to open, Appellant also argues that the fact rent payments were made and accepted by checks from an account in the name of Zabala Broker, LLC, evidences an "intent to contract with [Zabala Broker, LLC]." Appellant's Brief at 11. Appellant again cites no authority for this proposition and we find no support for Appellant's contention. The trial court found Hazers were justified in accepting the checks in the belief they were tendered on behalf of Appellant's individual obligation and that no genuine issue of fact was presented. We conclude the certified record supports the trial court's findings and conclusions in this regard. Thus, we discern no error in the trial court's denial of Appellant's motion on the basis that Appellant was not a proper party to the suit.

We next address Appellant's fourth issue challenging the validity of the cognovit clause in the lease addendum. Appellant maintains that the cognovit clause, appearing outside the body of the lease in an

---

**3.** Zabala Broker, LLC did not register to do business in Pennsylvania until December 15, 2008. Trial Court Opinion, 1/11/11, at 2.

addendum, which was not separately signed, and being otherwise inconspicuous is invalid and unenforceable. Appellant's brief at 14–16. The trial court disagreed, finding there was "[n]o evidence ... presented that [Appellant] did not understand the clause," and that "[t]he cognovit clause was, in fact, conspicuous." Trial Court Opinion, 1/11/11, at 5. We disagree with the trial court's assessment.

In this discussion, we focus on Appellant's motion to strike the confessed judgment. As related above, such inquiry limits the trial court and a reviewing court to "the complaint and the documents which contain confession of judgment clauses." *Resolution Trust Corp., supra* at 273. Accordingly, the trial court's finding that there was no evidence presented that Appellant did not understand the clause was immaterial to its denial of Appellant's motion to strike the confessed judgment. We therefore address the trial court's conclusion that the cognovit clause was conspicuous.

■■■ We have noted the need for strict adherence to rules governing confessed judgments. *ESB Bank, supra.* As a matter of public policy, Pennsylvania applies a similar strict standard to establish the validity of a cognovit clause. This is so because "a warrant of attorney to confess judgment confers such plenary power on the donee in respect of the adjudication of his own claims that certain specific formalities are to be observed in order to effectuate the granting of such a power." *Frantz Tractor Co. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A.2d 303, 305 (1956). Accordingly, "[a] Pennsylvania warrant of attorney must be signed. And it will be construed strictly against the party to be benefited by it, rather than against the party having drafted it." *Egyptian Sands Real Estate, Inc. v. Polony,* 222 Pa.Super. 315, 294 A.2d 799, 803 (1972) (citations

omitted). "A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a **direct relation** to the warrant of attorney and may not be implied." *L.B. Foster Co. v. Tri–W Const. Co.,* 409 Pa. 318, 186 A.2d 18, 20 (1962) (emphasis added).

> A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.

*Frantz Tractor Co., supra* at 305; *accord Egyptian Sands Real Estate, Inc., supra* at 804 (stating, "a warrant of attorney on the second page of a document will not be conclusive against the signer of the first page"), *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1274–1275 (3d Cir.1994) (same).

In the instant case, the commercial lease executed by the parties consisted of five pages containing 32 numbered and titled paragraphs. It was signed by the parties on the fifth page. Paragraph 30 of the agreement is titled "MISCELLANEOUS PROVISIONS" and provides, "See attached Addendum which is incorporated herein by reference." C.R. at 1, Attachment. No other provision or passage in the lease references the addendum. The addendum to the lease, attached to Hazers' complaint, consists of three lettered, untitled paragraphs. Paragraph "a" includes the following cognovit clause.

> Tenant agrees that in the event of a default under this Lease by Tenant, the

entire balance of rent under the then term shall become immediately due and payable without further notice from Landlord. Tenant further agrees and authorizes any attorney of any Court of record in the Commonwealth of Pennsylvania. to appear for and on behalf of Tenant to confess judgment on this Lease for money damages and for possession of the premises and/or ejectment from the premises. Tenant waives the benefit of any exemptions or other laws pertinent to confession of judgment for money damages, possession, and ejectment and agrees that a copy of this Lease may be utilized in such confession process. Tenant represents and understands that this is a commercial transaction and that confession of judgment as set forth herein is appropriate as a remedy for the landlord in the event of a default under the Lease.

*Id.* The addendum was not signed by any party.

This is the precise circumstance disapproved in *Frantz Tractor Co., Egyptian Sands Real Estate, Inc.,* and *L.B. Foster Co., supra.* Appellant's signature is not in "direct relation" to the cognovit clause and the clause is attributable to Appellant only by inference. *See Frantz Tractor Co., supra* at 305.

Hazers argue that since the addendum also contained provisions purportedly requested by Appellant he "[p]resumably ... would have to read the confession clause before he could find that his requested language had been inserted in the Addendum." [4] Hazers' Brief at 5. It is such

presumptions that the public policy seeks to avoid when conferring the extraordinary power of a cognovit clause. An argument similar to Hazers' has previously been rejected by our Supreme Court.

> It is the contention of the Appellant that it is immaterial where such an agreement is signed so long as the writing contains the intentions of the parties thereto. Although this conclusion is generally correct it is not true of a provision for a warrant of attorney to confess judgment.

*L.B. Foster Co., supra* at 19.

▮ In light of the foregoing, we conclude that the cognovit clause was invalid and unenforceable on its face. We further conclude that the trial court erred in denying and dismissing Appellant's motion to strike, as the invalidity of the cognovit clause was apparent on the record filed by Hazers. We are therefore constrained to reverse the trial court's order entered October 21, 2010 and direct the trial court to strike the confessed judgment entered on behalf of Hazers against Appellant on July 16, 2010.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge GANTMAN concurs in the result.

---

**4.** The second paragraph of the addendum contained a provision allowing Appellant to terminate the lease if he was unable to obtain

the transfer of a liquor license. C.R. at 1, Attachment.