J.A05043/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PETER D'AMELIO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANDREW CAPPONI, | : | |
| C&H SERVICES, | : | |
| DUE AMICI DEVELOPMENT, LLC, | : | |
| DUE AMICI DEVELOPMENT ASSOCIATES | : | |
| | : | |
| APPEAL OF: DUE AMICI DEVELOPMENT | : | |
| LLC AND DUE AMICI DEVELOPMENT | : | |
| ASSOCIATES | : | No. 1761 EDA 2013 |

Appeal from the Order Entered June 10, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: 03392 March Term 2011

BEFORE: ALLEN, JENKINS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:               **FILED AUGUST 22, 2014**

Appellants, Due Amici Development LLC and Due Amici Development Associates, appeal from the order entered in the Philadelphia County Court of Common Pleas denying their petition to strike confessed judgment against them. Appellants contend the trial court erroneously found that Appellee's, Peter D'Amelio's, warrant in the parties' "Confession of Judgment Note" authorized confession of judgment against Appellants. We affirm.

Due Amici Development, LLC is the general partner of Due Amici Development Associates, LP. **See** Appellee's Compl. in Confession of J.,

---

[*] Former Justice specially assigned to the Superior Court.

3/30/11, at 1. Capponi is the president of Due Amici LLC. **See** Appellee's Mem. of Law in Opp'n to Pet. to Strike Confessed J., 8/8/13, at 4. Appellants do not contest these averments.

The trial court summarized the facts and procedural history of this case as follows:

> The instant matter concerns a Confession of Judgment entered by [Appellee] against four parties: (1) Andrew Capponi ["Capponi"]; (2) C & H Services; and [Appellants]. [Appellee] filed the Confession of Judgment against these four parties on March 30, 2011, claiming that they defaulted on their obligation to pay [him] a total of $70,000. The Confession of Judgment [Note][1] from which this debt originates was signed by Andrew Capponi on April 3, 2008, and was attached to the Confession of Judgment as an exhibit. The agreement begins with the following paragraph:
>
>> I, Andrew Capponi, **individually, and/or C&H Service and/or Due Amici Development Associates LP,** promise to pay to the order of [Appellee] d/b/a Budget Check Cashing their successors, heirs and/or assigns, the sum of $101,000.00. At the option of the holder, and upon default of payment in the sum of $101,000.00 shall become immediately due and payable, the unpaid principle balance bearing interest at a rate of twelve percent (12%) per annum, compounded monthly, calculated upon $101,000.00 from the date of execution of this judgement [sic] notice [signed by Capponi].

---

[1] We note that the trial court refers to the Confession of Judgment Note as "[t]he Confession of Judgment Agreement (originally labeled "Confession of Judgment Note"). Trial Ct. Op., 7/23/13, at 1. Our review of the record reveals that the document is entitled "Confession of Judgment Note." **See** Compl. in Confession of J., 3/30/11, at Ex. "A".

Trial Ct. Op., 7/23/13, at 1-2 (citations to record omitted and emphasis added).

Paragraph four of the note provides as follows:

If this note is in default and forced to litigate, I agree to pay all court costs and noteholders reasonable attorney's fees in collection of same. To secure payment of this note, I hereby authorize irrevocably the office of judicial support, clerk of court, prothonotary or any attoroney [sic] of any court of record to appear for me in such court at any time before or after maturity and confess a judgment against me in favor of any holder of this note with or without the following of an averment of default, with the releases of errors, without stay of execution and inquisition and extention [sic] upon any levy on real estate ABD for such amount as may appear to be unpaid thereon, together with attorney's fees and costs as herein provided. The undersigned has been informed that if he/she does not fully understand the legal impact of this note and all of the waivers contained herein, that he/she should discuss the matter with their counsel before any transaction takes place.

Confession of Judgment Note, 4/3/08, at 1-2.

On February 19, 2013, Appellants filed a "Petition of [Appellants] to Strike Confessed Judgment" (hereinafter "Petition to Strike").[2] The trial court denied the petition to strike. This timely appeal followed. Appellants filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellants raise the following issues for our review:

---

[2] We note that the timeliness of the petition to strike is not an issue in the instant case. *See **M & P Management, L.P. v. Williams***, 937 A.2d 398, 402 (Pa. 2007) (holding "if the confessed judgments are void, then they may be challenged at any time.")

> 1. Whether, the trial court erroneously found that the warrant relied upon by [Appellee] gave sufficient authority for the confession of judgment against [Appellants], or alternatively stated, whether the trial court erroneously determined that the warrant relied upon by [Appellee] was not at least ambiguous on the issue of whether it gave sufficient authority for the confession of judgment against [Appellants], in which case it should have been construed against [Appellee].
>
> 2. The trial court erroneously found that the warrant relied upon by [Appellee] was signed on behalf of [Appellants].

Appellants' Brief at 2-3.

We summarize Appellants' arguments for both issues. Appellants focus on the pronouns "I," "me," "he/she," and "their" which appear in paragraph four of the note authorizing the confession of judgment. *Id.* at 8. They argue that the trial court erred because these pronouns refer to natural persons, judgment cannot be entered against Appellants-which are corporations and not natural persons. *Id.* at 8-9. They aver that the additional reference to a person, i.e., the undersigned, in paragraph four also makes reference to a singular person. *Id.* at 9. Appellants argue that the agreement cannot authorize confession of judgment against them because it does not expressly name them. *Id.* at 14. They conclude that the document containing the warrant was signed by Capponi alone and therefore cannot be applied to Appellants by implication. *Id.* at 16. We find no relief is due.

> We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. A petition to

strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. . . .

* * *

In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

*Hazer v. Zabala*, 26 A.3d 1166, 1169 (Pa. Super. 2011) (citations omitted); *accord* **Midwest Fin. Acceptance Corp. v. Lopez**, 78 A.3d 614 (Pa. Super. 2013) (holding court cannot address factual disputes in petition to strike).[3]

The trial court considered the complaint in confession of judgment and the attached exhibits and opined:

1. There was no fatal error in entering Confession of Judgment against Due Amici LP because such an entry was authorized by the plain language of the Confession of Judgment Agreement.

---

[3] To the extent that Appellants claim Capponi did not have authority to sign on their behalf, this argument raises a factual issue that would have to be raised in a petition to open the judgment. **See Midwest Fin.**, 78 A.3d at 623.

2. There was no fatal error in entering Confession of Judgment against Due Amici LLC, because it was liable, as Due Amici LLP's general partner, for said judgment under 15 Pa.C.S. § 8533(b).[4]

\* \* \*

In the instant matter, the terms of the Confession of Judgment Agreement clearly bind Andrew Capponi in an individual capacity, as an agent of C&H Services, and as an agent of Due Amici LP. The first sentence of the agreement indicates that it was meant to obligate Mr. Capponi "individually, and/or C&H Service and/or Due Amici Development Associates, LP." In light of this, the use of singular and personal pronouns which occurs throughout the remainder of the agreement does not create a level of ambiguity sufficient to warrant the striking of said Confession of Judgment. As such, this Court found that the express terms of the Confession of Judgment Agreement authorize [Appellee] to enter a Confession of Judgment against Due Amici LP.

Further, it was proper for Confession of Judgment to be entered against Due Amici LLC because of [its] liabilities as a general partner of a limited partnership. . . .

Trial Ct. Op. at 3, 5. We agree no relief is due.

---

[4] Section 8533(b) provides:

**(b) Liabilities of a general partner.**—Except as provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as otherwise provided in this chapter or in the partnership agreement, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners.

15 Pa.C.S. § 8533(b).

Instantly, Appellants advance the same arguments as they did before the trial court. They focus on the singular pronouns within the Confession of Judgment Note and argue that because those pronouns refer to natural persons, judgment cannot be centered against them—which are corporations and not natural persons. They contend that the note confessed judgment against Capponi individually. Reviewing the record as filed by Appellee, *viz.*, the complaint in confession of judgment and the attached exhibits, and given this Court's limited scope of review, we find the record is sufficient to sustain the judgment. ***See Hazer***, 26 A.3d at 1169. Accordingly, we affirm the order denying the petition to strike the confessed judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014