J-A17029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CITADEL FEDERAL CREDIT UNION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DESANCTIS | |
| Appellant | No. 32 EDA 2014 |

Appeal from the Order November 25, 2013
In the Court of Common Pleas of Chester County
Civil Division at No(s): No. 13-06241

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.          **FILED DECEMBER 15, 2014**

Appellant, Anthony DeSanctis, appeals from the order entered November 25, 2013, by the Honorable William P. Mahon, Court of Common Pleas of Chester County, that denied Appellant's Petition to Strike Off Judgment by Confession.  We affirm.

We take the underlying facts and procedural history in this matter from the trial court's opinion.

> The current appeal arises from an action in mortgage foreclosure.  On April 7, 2006, [Appellant] executed and delivered a Surety Agreement to [Citadel], guaranteeing and becoming surety to Citadel for due and prompt payment and performance by New Chester Plaza, LLC ("Plaza") of a certain Mortgage Note secured against real estate located at 3200 West 9th Street in the City of Chester, Delaware County, PA 19013 ("Subject Property").  Plaza defaulted on the loan agreement with Citadel and pursuant to the terms of the mortgage Note, Citadel entered Judgment by Confession against Plaza on January 30, 2012, in the Court of Common Pleas of Delaware County, PA.

On April 20, 2012, Citadel caused the Sheriff of Delaware County to issue a Writ against Plaza and on July 20, 2012, the Sheriff of Delaware County sold the Subject Property to Citadel upon the Judgment obtained in the mortgage foreclosure action against Plaza. The Docket Entry of No. 2012-0821 in the Court of Common Pleas of Delaware County states the Sheriff's Deed Poll was acknowledged and returned on August 29, 2012. On March 10, 2013, Citadel filed a deficiency judgment action against Plaza in the Court of Common Pleas of Delaware County.

Following the Sheriff's sale of the Subject Property in the Delaware County Action, Citadel filed a Petition to Fix Fair Market Value of Real Property to obtain a deficiency judgment against Plaza. Despite having been served the Petition to Fix Fair Market Value of Real Property, [Appellant], on behalf of Plaza, failed to take action to file an answer to the aforementioned Petition. [Appellant], the managing member of Plaza, did, however, appear on behalf of Plaza at the hearing [] on the Petition to Fix Fair Market Value that took place on April 1, 2013. On April 11, 2013, the Delaware County Court entered an Order in favor of Citadel granting the deficiency judgment.

[On July 1, 2013, Citadel filed a Confession of Judgment in the Chester County Court of Common Pleas in the amount of $605,314.14. That same day, the Chester County Prothonotary issued notice that judgment in the matter had been entered against Appellant.] On July 26, 2013, Appellant filed a Petition to Strike Off Judgment by Confession and a Praecipe for Determination, … in response to which [the trial court] issued a Rule on August 5, 2013, pursuant to Pa. R.C.P. No. 206.7.

*　　　*　　　*

[Citadel] filed an answer to [Appellant's] Petition on August 26, 2013, in accordance with the issued Rule. The averments contained in [Citadel's] answer were properly pleaded and denied all material allegations contained in [Appellant's] Petition. No depositions were conducted in this matter and oral argument was held on November 25, 2013. This same day the [c]ourt issued an Order denying [Appellant's] Petition to Strike Off Judgment by Confession. [Appellant] timely filed a notice of Appeal on December 23, 2013, … in response to which, the [c]ourt [o]rdered [Appellant] to file a Concise Statement. Finally, on January 10, 2014, [Appellant] filed a timely Concise Statement.

Trial Court Opinion, 2/7/14 at 1-2 (citations and footnotes omitted).

On appeal, Appellant raises the following issues for our review:

[1.] Did the lower court commit an error of law and a gross abuse of discretion when it failed to strike a confessed judgment against a surety/guarantor who was never served nor joined to the petition for fair market value under the Deficiency Judgment Act?

[2.] Did the lower court commit an error of law and a gross abuse of discretion when it failed to strike a confessed judgment against a surety/guarantor where the record discloses that the Complaint for Confession of Judgment against the defendant was filed beyond the statute of limitations established in 42 [Pa.C.S.] § 8103(d)?

[3.] Did the lower court lack subject matter jurisdiction for a complaint seeking a judgment for a deficiency amount established against the obligor solely in the Court of Common Pleas of Delaware County?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Our standard of review is as follows.

We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. *First Union National Bank v. Portside Refrigerated Services, Inc.*, 827 A.2d 1224, 1227 (Pa.Super.2003). A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. *Id.*

*PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc.*, 14 A.3d 831, 835 (Pa. Super. 2010).

Preliminarily, we note that Pennsylvania Rule of Civil Procedure 2959(c), **Striking Off or Opening Judgment; Pleadings; Procedure**, provides that "[a] party waives all defenses and objections which are not included in the petition or answer."   In his petition to strike, Appellant

advanced a single argument: that "Citadel did not file a Deficiency Judgment Action in the Court of Common Pleas of Delaware County until March 10, 2013, which was beyond the statutory statute of limitations." Petition Pursuant to Pa Rule Civ. Proc. 2959 to Strike Off Confession of Judgment, 7/26/23 at ¶8. Appellant did not include his first and third issues now raised on appeal in his petition to strike. Therefore, we are constrained to find these claims waived pursuant to Rule 2959(c).

As noted, the sole issue preserved in Appellant's petition to strike alleges that the "complaint for confession of judgment against [Appellant] was filed beyond the statute of limitations established in 42 Pa. C.S. § 8103(d)[.]" Appellant's Brief at 4. After a careful review of Appellant's brief, we observe that although this issue is included in the issues presented on appeal, Appellant fails to develop any argument in support of this claim. Indeed, aside from this brief reference on page four, Appellant fails to cite § 8103(d) in the entirety of his brief or to further discuss the applicable statute of limitations. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *McEwing v. Lititz Mutual Ins. Co.*, 77 A.3d 639, 647 (Pa. Super. 2013) (citation omitted). We are therefore constrained to find this claim, too, is waived on appeal.

As we find that Appellant has waived all of the issues he purports to raise on appeal, we find no basis on which to disturb the lower court's order denying Appellant's petition to strike confessed judgment.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014