J-S10003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ROBERT J. HENRY AND ANNA MARIE HENRY | : : : : | No. 2630 EDA 2017 |
| Appellants | : | |

Appeal from the Judgment Entered February 28, 2017
In the Court of Common Pleas of Chester County Civil Division at No(s):
15-09694

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 11, 2018**

Robert J. Henry and Anna Marie Henry appeal the *in rem* judgment of mortgage foreclosure entered against them on February 28, 2017.[1]  We affirm.

In 2005, Appellants executed an adjustable rate note ("the Note") in the amount of $725,167.00, payable in monthly installments of principal and interest of $2,332.42, on their residential property located at 210 Richards

---

[1] Appellants purport to appeal from the order entered on June 30, 2017 denying their motions for post-trial relief.  Ordinarily, an appeal properly lies from the entry of judgment, not from the order denying post-trial motions. ***See Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511 (Pa.Super. 1995).  Accordingly, we deem this appeal as taken from the February 28, 2017 judgment.

Way in Avondale, Chester County, Pennsylvania ("the Property"). The lender under the Note was America's Wholesale Lender, and the Note was indorsed in blank by Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender. Appellants also executed a mortgage (hereinafter "the Mortgage") on the Property as security for payment of the Note. The Mortgage was executed in favor of Mortgage Electronic Systems, Inc., as nominee for America's Wholesale Lender.

In December 2009, Appellants defaulted on the Mortgage. In 2011, the Mortgage was assigned to The Bank of New York Mellon, f/k/a The Bank of New York, as trustee (CWALT 2005-82) (hereinafter "BNYM"), and the assignment was duly recorded. In 2014, BNYM initiated the instant mortgage foreclosure proceedings seeking an *in rem* judgment against Appellants. Following a non-jury trial, the trial court entered an *in rem* judgment in mortgage foreclosure in favor of BNYM on February 28, 2017. Appellants timely filed a motion for post-trial relief and an amended motion for post-trial relief, both of which were denied on June 30, 2017. Appellants filed a timely notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellants raise the following issues for our review:

1.  Whether the trial court erred as a matter of law and abused its discretion in finding that [BNYM] was the holder in due course of the Note and entitled to enforce the Note indorsed in blank by a different corporate entity than the prior Noteholder was based on insufficient evidence and against the weight of the evidence to support that finding.

2. Whether the trial court erred as a matter of law and abused its discretion in failing to make a finding that the two corporate entities appearing on the Note were separate and distinctly named corporations with no evidence of any relationship between the two was against the weight and sufficiency of the evidence.

3. Whether the trial court erred as a matter of law and abused its discretion and the court's award was against the weight of the evidence by failing to dismiss [BNYM's] complaint because [BNYM] was unable to meet its burden in showing it was the legal Noteholder and real party in interest and the court lacked subject matter jurisdiction.

Appellant's brief at vii.

When reviewing the verdict from a bench trial, our standard of review is as follows:

we must review the evidence of record in the light most favorable to the verdict winner to determine whether competent evidence supports the trial court's findings and whether it erred in reaching its conclusions of law. We afford the same weight to the trial court's findings of fact as we do a jury's verdict. We will only reverse if the trial court's findings of fact are unsupported by competent evidence or if it erred as a matter of law.

***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkt., Inc.***, 98 A.3d 645, 652 (Pa.Super. 2014) (*en banc*) (internal citations omitted).

Each of Appellant's issues are premised upon the same essential argument. They contend that BNYM is not entitled to enforce the Note because the endorsement in blank is invalid for the sole reason that the entity identified as the indorser on the Note bears a different name than the entity identified as the lender on the Note. Specifically, Appellants claim that the Note was not validly indorsed in blank because the lender is

identified as "America's Wholesale Lender," whereas the indorsement in blank was made by "Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender." Based on the difference in the phrasing of the names of the lender and indorser, Appellants posit that the trial court was "left to speculate as to whether or not there was a relationship between the two corporate entities named on the Note." Appellants' brief at 8. Appellants contend that, because BNYM did not demonstrate a connection between "America's Wholesale Lender" and "Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender," the evidence is insufficient as a matter of law to establish that BNYM is a holder in due course of the Note, and the trial court lacked subject matter jurisdiction over the matter.

The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa.Super. 2014). A person foreclosing on a mortgage, however, also must own or hold the note. *See Gerber v. Piergrossi*, 142 A.3d 854 859 (Pa.Super. 2016). This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. *Id*. Under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa.Super. 2013). A note indorsed in blank is a "bearer note," payable to anyone on demand regardless of who

previously held the note. 13 Pa.C.S. §§ 3109(a), 3301; *see also Gibson*, *supra* at 466; *PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 621 (Pa.Super. 2014) ("Evidence that some other entity may be the "owner" or an "investor" in the [n]ote is not relevant to this determination, as the entity with the right to enforce the note may well not be the entity entitled to receive the economic benefits from payments received thereon.").

Here, Appellants do not dispute that they executed the Note and the Mortgage, or that they defaulted on their payments due under the Mortgage. Appellants concede that the Mortgage was properly assigned to BNYM, and that it is the holder of the Mortgage. Appellants do not dispute that BNYM presented the original Note indorsed in blank at trial. Rather, they claim that the Note's indorsement in blank is invalid because the lender is identified as "America's Wholesale Lender," whereas the indorsement in blank was made by "Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender." Appellants posit that, due to this difference in names, the lender and indorser are two separate entities, thereby invalidating the indorsement in blank.

Appellants provide no relevant authority to support their assertion that the addition of "doing business as" in a signature operates to bind only the signing entity and not the designated entity. The use of "doing business as" is commonly understood to alert interested parties to the fact that the person or entity so designated, is known for business purposes under

another or fictitious name.  **See** Black's Law Dictionary (10th ed. 2014) (The abbreviation "d/b/a" "signals that the business may be licensed or incorporated under a different name.").  As such, "doing business as" carries no implication of representative capacity of a former individual or entity to act on behalf of a latter entity; rather, akin to "a/k/a" ("also known as"), "doing business as" identifies an equivalency or single identity between the appellations.  **Hazer v. Zabala**, 26 A.3d 1166, 1170 (Pa.Super. 2011).

Because the law recognizes "Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender" as a single entity identifiable under either appellation, we find no merit to Appellants arguments that it is an entirely different entity than "America's Wholesale Lender."  **See id**.  For this reason, Appellants claim that the indorsement in blank is invalid must fail.  The record in this case reveals that BNYM holds the Note validly indorsed in blank, and the mortgage.  As holder of the Note and mortgage, BNYM has standing to pursue this foreclosure action as the proper party in interest.  **Gibson**, **supra** at 466.  Appellant's assertions to the contrary are baseless.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/18