J-S13018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHEN HARASZKIEWICZ AND OLIVIA VAKATOVA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellees | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN BARACH | : | |
| | : | |
| Appellant | : | No. 26 EDA 2021 |

Appeal from the Order Entered November 2, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 200201039

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                        **FILED JUNE 21, 2021**

Appellant, Jonathan Barach, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his petition to strike and/or open a confessed judgment in favor of Appellees, Stephen Haraszkiewicz and Olivia Vakatova.  We affirm.

The trial court set forth the relevant facts of this appeal as follows:

> [Appellees] are two individuals, … husband and wife…. [Appellant] is an individual, … a licensed real estate agent. [Appellant] is allegedly the sole owner of a limited liability company trading as The Barach Group, LLC (the "Barach Group").
>
> On September 20, 2018, [Appellees] wire-transferred $150,000.00 to the Barach Group.  On September 21, 2018, [Appellant] executed a promissory note (the "Note"), in favor of [Appellees].  The Note acknowledges the debt owed

---

[*] Retired Senior Judge assigned to the Superior Court.

by [Appellant], in the amount of $165,000.00, representing a principal amount of $150,000.00, and interest due at the maturity of the Note of $15,000.00. The Note also contains a warrant-of-attorney empowering [Appellees] to confess judgment against [Appellant] upon a default committed by the same, including a default for failure to pay principal and interest, when due. Finally, the Note bears a maturity date of March 21, 2019. [Appellees] confessed judgment against [Appellant] on February 10, 2020.

The complaint-in-confession-of-judgment avers that [Appellant] defaulted by failing to make any payments under the Note. The complaint also avers that on October 7, 2019, after the maturity date on the Note had expired, [Appellant] issued in the name of one of the two [Appellees] a $175,000.00 check through an entity named TBG Real Estate, LLC. However, this check was returned for lack of sufficient funds. In the complaint-in-confession-of-judgment, [Appellees] claim the full principal amount of $150,000.00 and interest of $15,000.00, plus accruing interest of $8,679.45, unspecified court costs, and accruing attorney's fees of $8,250.00, for a total of $181,929.45. [Appellant] filed a petition to strike or open the judgment and for a stay of execution.

(Trial Court Opinion, filed January 11, 2021, at 3-4) (internal footnotes omitted).

On November 2, 2020, the trial court denied Appellant's petition. Appellant timely filed a notice of appeal on December 2, 2020. The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant did not file one.

Appellant raises two issues for our review:

Did the trial court commit an error of law in refusing to strike a confession of judgment where [Appellees] confessed judgment and included items not authorized by the warrant of attorney?

Did the trial court commit an error of law or abuse of discretion in permitting [Appellees] to include facts related to criminal accusations and/or fraud in a confession of judgment?

(Appellant's Brief at 2).

In his two issues, Appellant asserts that the "warrant of attorney was self-evidently limited," and Appellees "could confess judgment for the amount contractually owing….." (*Id.* at 9). Appellant claims Appellees violated the warrant of attorney by including additional language in the confession of judgment. Specifically, Appellant contends the complaint in confession of judgment "alleges a course of criminal conduct on Appellant's part, namely that [he] willfully, intentionally, materially and fraudulently misled [Appellees] about various aspects of the loan … and his delays in repayment…." (*Id.*) (internal citations to the record and quotation marks omitted). Appellant argues that these accusations of criminal conduct were "(i) obviously not authorized by the promissory note's warrant of attorney; (ii) intended to coerce [Appellant] to pay money; and, accordingly (iii) a gross abuse of the process of" the trial court. (*Id.* at 10). Appellant concludes that this Court must reverse the order denying the petition to strike and/or open the judgment. We disagree.

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." ***Resolution Trust Corp. v. Copley Qu-Wayne Associates***, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996)).

We review a trial court's order denying a petition to strike a

- 3 -

confessed judgment to determine whether the record is sufficient to sustain the judgment. ***First Union National Bank v. Portside Refrigerated Services, Inc.***, 827 A.2d 1224, 1227 (Pa.Super. 2003). A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. ***Id.*** Similarly, we review the order denying [a] petition to open the confessed judgment for an abuse of discretion. ***Id.***; ***PNC Bank v. Kerr***, 802 A.2d 634, 638 (Pa.Super. 2002) ("A petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.").

***Hazer v. Zabala***, 26 A.3d 1166, 1169 (Pa.Super. 2011) (quoting ***PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc.***, 14 A.3d 831, 835 (Pa.Super. 2010)).

"A judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury." ***Ferrick v. Bianchini***, 69 A.3d 642, 647 (Pa.Super. 2013). "A meritorious defense is one upon which relief could be afforded if proven at trial." ***Id.***

> In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

> ... When determining a petition to open a judgment, matters dehors the record filed by the party in whose favor the warrant is given, *i.e.*, testimony, depositions, admissions, and other evidence, may be considered by the court. An order of the court opening a judgment does not impair the lien of the judgment or any execution issued on it.

*Id.* (quoting *Hazer, supra* at 1169).

"Further, we require strict adherence to the rules governing the use of confessed judgments." *Hazer, supra* at 1169.

> This is so because a warrant of attorney to confess judgment confers such plenary power on the donee in respect of the adjudication of his own claims that certain specific formalities are to be observed in order to effectuate the granting of such a power. Accordingly, [a] Pennsylvania warrant of attorney must be signed. And it will be construed strictly against the party to be benefited by it, rather than against the party having drafted it. A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied.

*Ferrick, supra* at 647-48 (internal citations and quotation marks omitted).

Instantly, the trial court evaluated Appellant's argument about the allegations of criminal conduct in the complaint in confession of judgment. The court determined that any language referencing criminal conduct or potential prosecution did not create a fatal flaw in the record, as matters outside the record would not be considered. (*See* Trial Court Opinion at 4 n.10). Based upon our review of the record, we agree that the language at issue did not create a fatal defect to justify the granting of Appellant's petition. *See Hazer, supra*. Further, Appellant signed the note, which included a

warrant of attorney authorizing a confessed judgment for the full amount of the note, plus interest, court costs, and counsel fees. (**See** Complaint in Confession of Judgment, filed 2/10/20, at Exhibit 3). On this record, the court did not abuse its discretion in refusing to strike the confessed judgment. **See Hazer, supra**. Accordingly, we affirm.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>6/21/2021</u>